## WILSON *v.* THE STATE.

No. 8874. DECEMBER 13, 1932.

*B. F. Walker, J. C. Newsome,* and *E. P. & J. Cecil Davis,* for plaintiff in error.

*George M. Napier, attorney-general, M. L. Felts, solicitor-general, T. R. Gress, assistant attorney-general,* and *J. B. & T. R. Burnside,* contra.

RUSSELL, C. J. On the prior appearance of this case, the cause

was remanded upon the following ruling: "Having reached the conclusion that the above affidavits introduced by the State in rebuttal of this ground of the defendant's motion for new trial, with the exception of that of Peebles, were improperly admitted, does this fact require the grant of a new trial in this case? We are of the opinion that it does not, as we are of the opinion that the evidence authorized the verdict of guilty, and that there was no error committed which requires the grant of a new trial, unless it is found by the trial judge that these jurors, whose competency to try the case was challenged, were disqualified by reason of kinship to the prosecutor. The trial judge found that they were not so related; but he based his finding on some evidence which we have held to be inadmissible. This error does not require the grant of another trial to the defendant upon the merits, unless it is determined by the trial judge, from relevant evidence, that these jurors were related within the prohibited degree to the prosecutor. In that event a new trial should be granted. We are of the opinion that the proper proceeding is not to reverse the judgment for refusal to grant a new trial, but to reverse the judgment overruling the motion for new trial, and to remand the case with direction that the judge pass upon the disqualification of these jurors to try this case, after excluding the evidence which we hold was improperly admitted, and decide whether these jurors were disqualified to try the same. In passing again upon this question, we direct that the judge receive such further and other evidence which may be relevant in passing upon this issue, offered either by the defendant or the State; and that if the judge reaches the conclusion that these jurors were disqualified, he then grant a new trial; but on the contrary, if he finds that these jurors were qualified to try the case, that he then overrule the motion for new trial." The proceeding was unusual, but it fixed the law of this case, in that another trial was precluded in case the judge should find, upon the rehearing of this single question, that the two jurors who were attacked were not disqualified by reason of kinship to the prosecutor. It appears from the record that the judge set aside his former judgment refusing the movant a new trial, as directed by this court, and proceeded anew to hear evidence as to the competency or disqualification of the two jurors, and upon consideration of the evidence he found that the jurors were not disqualified by reason of relationship

to the prosecutor, and thereupon overruled the motion for new trial, as he was directed by this court to do in case he found the jurors to be competent. The evidence upon this single question of relationship is voluminous and conflicting, but we can not say that the finding of the judge was not authorized by law. Upon an investigation of the qualifications of a juror, the judge of the superior court is the sole trior of the credibility of the witnesses, and of the degree of weight to be attached to each witness; and the exercise of his discretion in preferring to believe one witness rather than another, or even many, will not be interfered with unless there appears a manifest abuse of discretion.

*Judgment affirmed. All the Justices concur.*