DYE *et al. v.* DYE.

No. 8950.   December 13, 1932.

*Duke Davis,* for plaintiffs.

*M. U. Mooty* and *L. M. Wyatt,* for defendants.

Beck, P. J.   Mrs. Barbara C. Dye, and Maidee Dye by her next friend, filed complaint in two counts, alleging in the first count that Mrs. Barbara C. Dye entered into a contract with her son, H. M. Dye, on June 30, 1910, by the terms of which H. M. Dye agreed to furnish Mrs. Barbara C. Dye, and her daughters Amilee Dye and Maidee Dye, a support and maintenance for and during their natural lives or until the marriage of the daughters or either of them; that in accordance with the contract Mrs. Barbara C. Dye executed and delivered to H. M. Dye, on June 30, 1910, a warranty deed conveying certain lands; that on April 12, 1926, the administrator of the estate of H. M. Dye, who had died, executed to Mrs. H. M. Dye an administrator's deed conveying the same lands, subject to the contract of June 30, 1910; that Mrs. H. M. Dye went into possession and held the lands under the administrator's deed by reason of having purchased the land from the administrator of the estate of H. M. Dye, and, having purchased it subject to the contract of June 30, 1910, she was bound to support Mrs. Barbara C. Dye and Maidee Dye, the daughter who had not married; that Mrs. H. M. Dye had failed to furnish said support and maintenance since January 8, 1931; that the reasonable value of this maintenance and support was $25 per month for each of the plaintiffs and they had been injured and damaged in that sum; and that the obligation to furnish such support and maintenance was a direct charge upon the lands conveyed by the administrator's deed. The plaintiffs prayed for a judgment for the sum that might be accrued on the trial of the case, and that it be decreed that Mrs. H. M. Dye be required to pay to each of the plaintiffs $25 a month thereafter so long as they live, and, in default of such payment, that the land be sold. The second count alleged substantially the facts as above stated, and in addition alleged that the defendant's conduct had caused the plaintiffs irreparable loss and damage, and that the de-

fendant was insolvent. The plaintiffs prayed that the contract and deed to Mrs. H. M. Dye be rescinded and be delivered up and canceled, and that the defendant be required to deliver possession of the lands; and for other equitable relief.

When the case was called for trial the attorney for the plaintiffs announced that he would abandon the second count and parts of the petition asking for other relief. It is insisted by the plaintiffs that the contract attached to the petition is a covenant which runs with the land. The defendant insists that it could be no more than a consideration promised for the purchase-price of the land, and that defendant's husband, H. M. Dye, is the person who failed to furnish the consideration for the land conveyed to him by a warranty deed from Mrs. Barbara C. Dye in 1910; that H. M. Dye made this contract and purchased the land for the consideration of supporting Mrs. Barbara C. Dye and her two daughters during their natural lives or until either of the daughters should marry. This contract and conveyance of the land took place in 1910, and the contract was made by and between Mrs. Barbara C. Dye and H. M. Dye, and these two were the only parties to the contract. In 1918 Mrs. Barbara C. Dye made a conveyance of the land to H. M. Dye for a valuable consideration, it is asserted by the defendant, thereby conveying to H. M. Dye what interest Mrs. Barbara C. Dye might have in and to the lands. After this conveyance was made, H. M. Dye died, and the administrator of his estate sold the land to Mrs. H. M. Dye.

The instrument executed by H. M. Dye, called therein party of the first part, and by Mrs. Barbara C. Dye, called therein party of the second part, contains the following agreements and stipulations: "That whereas the said party of the second part is a widow and is now and has been for the past years since the death of her husband lived with the said party of the first part, who has supported her together with her two daughters, Amilee Dye and Maidee Dye, the sisters of the party of the first part; and whereas the party of the second part is becoming of advanced age and desiring to provide for the future support of herself and her said two daughters, and prefers to continue and reside with the said party of the first part; and whereas party of the second part has certain property, same being real estate situated and located in the County of Troup, said State, with which to provide for the future care and

support of herself and her said two daughters until their marriage or the marriage of either of them. Therefore, for and in consideration of the foregoing and the further consideration of a conveyance this day made by said party of the second part unto the party of the first part, in which party of the second part for love and affection and the payment of one dollar ($1.00) and the execution of this contract, has conveyed unto the party of the first part certain lands lying and being in said county and State, and bounded on the north by lands of J. G. Young, east by lands of H. E. Dye, south by lands of Evelyn Whitaker, and west by the Chattahoochee River, containing in all 200 acres, more or less, the party of the first part, his heirs, executors, administrators, and assigns, hereby covenant, agree, and contract to furnish to the order of the said Mrs. Barbara C. Dye and to the said Amilee Dye and the said Maidee Dye a support and maintenance for and during their natural lives or until the marriage of Amilee Dye and Maidee Dye or either of them. It is expressly understood and agreed that in the event of the marriage of either of the two daughters or both of them, then in that event the stipulation for the support and maintenance for both of them that marry becomes void and of no effect. Party of the first part hereby acknowledges receipt of the conveyance herein mentioned and set out, and binds himself, his heirs, administrators, and assigns for the fulfillment and accomplishment of all the covenants, agreements, promises, and contracts herein made and contained, for and in consideration of said conveyance of said real estate above described."

We do not think it is necessary to decide whether the agreements and covenants in this contract are covenants running with the land. If they are covenants running with the land, then the purchaser of the land from H. M. Dye, to whom Mrs. Barbara C. Dye had conveyed the land in question, would be bound to fulfill the duty imposed by those covenants upon H. M. Dye, without regard to any contract which the purchaser from H. M. Dye might have made with him. But under the facts of this case, whether these were covenants running with the land or not, Mrs. H. M. Dye, widow of H. M. Dye, is bound by the terms of the contract and the stipulations in this instrument containing the contract and covenants which we have set forth above, because in the deed from the administrator it is stipulated that the lands conveyed by the deed of

the administrator to Mrs. H. M. Dye are sold to her subject to the contract of June 30, 1910,—that is, the contract which is set out above. By accepting this deed, though she did not sign it, she took upon herself the binding obligation to furnish support to Mrs. Barbara C. Dye and her daughters in accordance with the terms of the contract of June 30, 1910. In the Civil Code, § 4180, it is provided: "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." And the law of this statute has been frequently applied. It is insisted that this condition in the administrator's deed is not a part of the administrator's deed, and that he had no right to put it in. It may be that if Mrs. H. M. Dye bought the land at administrator's sale and it was knocked down to her, she had the right to insist upon an ordinary administrator's deed; but in the present case she accepted the deed as written by the administrator, and in doing so she accepted the obligation therein contained. But it is insisted in this case that the contract of June 30, 1910, was not binding, because in 1918 Mrs. Barbara Dye sold the land to H. M. Dye for a valuable consideration and made to H. M. Dye a warranty deed, thereby conveying to him whatever interest Mrs. Barbara Dye might have in and to said lands. It may be true that the making of the deed by Mrs. Barbara Dye to H. M. Dye in 1918 might have the effect attributed to it by the defendant in this case, but for evidence offered by the plaintiffs to explain the circumstances under which the deed of 1918 was executed. Evidence was offered tending to show that the deed of 1918 was executed for the purpose merely of enabling H. M. Dye to pay off a loan or procure a loan. The evidence upon the subject is not entirely clear, but it is of such a character as to afford a basis for the inference by the jury that Mrs. Barbara Dye executed the paper for the purpose indicated, and that it was not intended that the former contract made in 1910 between Mrs. Barbara Dye and H. M. Dye for the support of Mrs. Barbara Dye and her daughters was to be abrogated or destroyed. In view of the obligation which the defendant assumed by accepting the administrator's deed with the condition therein that it was subject to the contract of 1910, the plaintiff, Mrs. Barbara Dye, can maintain a suit against the defendant in the present case, who received the administrator's deed and went into possession of the land under that deed and is still holding the land.

██ The rulings stated in headnotes 2 and 3 require no elaboration. The court erred in directing a verdict in favor of the defendant. *Judgment reversed. All the Justices concur.*