**Meyer LEVY, Trustee of the Pearl Moltack Trust, Appellant,**

**v.**

**EMPIRE INSURANCE COMPANY, Appellee.**

No. 23976.

United States Court of Appeals
Fifth Circuit.

June 19, 1967.

Rehearing Denied Aug. 10, 1967.

LeRoy C. Hobbs, Atlanta, Ga., for appellant.

W. Stell Huie, Atlanta, Ga., Huie, Etheridge & Harland, Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

AINSWORTH, Circuit Judge:

Appellant, Meyer Levy, filed this suit as trustee of the Pearl Moltack Trust against the Empire Insurance Company for the sum of $10,000, plus unpaid interest of $1,470, claimed to be due by defendant as the consequence of a purchase of certain Subordinated Convertible 7% Debentures issued to purchaser by United Southern Companies,

Inc., now a bankrupt. Appellant claimed that the debentures were insured by defendant under a written agreement executed between United Southern and Empire Insurance Company. Defendant admitted execution of the written agreement between United Southern and itself but contended that it was conditionally executed and since the conditions were not fulfilled the contract never became effective. Motions for summary judgment were filed by both parties accompanied by sworn affidavits and depositions, and the district judge granted defendant's motion and dismissed plaintiff's suit.

Under the terms of the written insuring agreement between United Southern and Empire, executed by the parties on May 17, 1961, Empire agreed to insure all debentures issued by United Southern up to the sum of $10,000 principal, plus interest, with respect to any one purchaser.[1] The insuring agreement provided that no payments would be due debenture holders unless the assured had been adjudicated a bankrupt and a trustee appointed. Thereafter Empire was obligated to reimburse a debenture holder of the insured United Southern in cash.[2] In June 1963 United Southern was adjudicated a bankrupt and a trustee was appointed.

Empire contends that the May 17, 1961 insuring agreement was not a binding contract, but was conditionally executed upon the occurrence of three events, namely, approval of the agreement by the Georgia Insurance Commissioner, approval by the Georgia Securities Commissioner and approval by Empire Mutual Insurance Company of Philadelphia which was to reinsure 95% of the risk of Empire. Since none of these conditions was met and the affidavits of the representatives of Empire and United Southern state that the insuring agreement was contingent upon the happening of these three events, Empire contends it has no liability under the agreement. None of the conditions mentioned is referred to or contained in the May 17, 1961 agreement.

The district judge agreed with the defendant in dismissing the suit on motion for summary judgment. He concluded that the conditions not having been complied with, the noncompliance could properly be urged as a defense, and failure to comply with the conditions could be shown by parol since such evidence goes to the very existence of the contract. He held that the writing sued upon never became a binding or an enforceable contract.

The circumstances under which appellant purchased the United Southern debentures are important to a determination of this case. Appellant Levy's attorney for thirty years, up to 1961, was Harold Karp. United Southern, being indebted to Karp and his law firm, offered Karp and members of his firm an opportunity to recoup some of their indebtedness and informed them that if they could sell some of the 7% debentures the proceeds could be applied to the debt. A copy of the insuring agreement of May 17, 1961 was given to Karp by United Southern for use in making sales of the debentures. Karp first attempted to sell some of the 7%

---

1. The contract in pertinent part, on the subject of "Coverage," reads as follows:

   "The Company hereby agrees to insure and does hereby insure, [as hereinafter provided] all debentures issued by the Insured to purchasers in an amount up to and including ten thousand dollars ($10,000.00) principal, plus interest, with respect to any one (1) purchaser of said debentures. Any such debenture so guaranteed by the Company shall be guaranteed, both as to principal and interest, for a period of ten (10) years from date of issuance."

2. The contract in pertinent part, on the subject of "Payment of Benefits," reads as follows:

   "No payments under the terms of this insuring agreement shall be made to debenture holders until the insured has been adjudicated to be bankrupt and a receiver or trustee has been appointed. Thereafter, the Company shall as soon as possible, upon proof of the existence of a debenture in default, as to principal or interest, reimburse the debenture holder of the Insured in cash."

debentures to his son's mother-in-law on behalf of her minor ward. When the Ordinary of DeKalb County, Georgia, questioned the advisability of the purchase, Karp requested the vice president of United Southern to have defendant Empire confirm that it had insured the debentures. Accordingly, the president of Empire wrote a letter on July 20, 1961, addressed to the Ordinary, which was delivered to Karp. It read in part as follows:

> "United Southern Company, Inc. has indicated that Mrs. Evelyn Goldburg Vernon, Guardian of Stephen Henry Goldburg, minor, is desirous on behalf of said ward, of purchasing $10,000.00 of the 7% debentures now being offered by said corporation, but has stated that approval of such purchase must come from your office.
> "Under date of May 17, our company entered into an agreement with said corporation wherein we guarantee the payment of principal and interest due under the debentures up to the sum of $10,000.00 for such transaction which is marked on the face of such debenture so issued. * * *".

The contemplated purchase on behalf of the minor ward, however, was not consummated.

About the same time Karp discussed with appellant the purchase of some of the 7% debentures, and informed him that they were insured and recommended their purchase. Karp showed appellant a copy of the May 17, 1961 agreement by which defendant Empire insured the debentures. Based on these representations and primarily on the one that the debentures were insured, appellant, on August 1, 1961, purchased $12,000 of the 7% debentures at a discount and issued his check in the sum of $10,200 payable to Karp's law firm, which check was endorsed to United Southern. On August 8, 1961, Karp wrote appellant that he had instructed United Southern to mail the debentures to him and further that "You will note that ten (10) of these bear the legend that they are insured as to principal and interest by the Empire Insurance Company."

■ Appellant's contention is that he is a third-party beneficiary under the insuring agreement of May 17, 1961 between Empire and United Southern; that he is not concerned with whether the conditions which Empire and United Southern stated were to be met before the agreement was considered binding because the signed written agreement contained no reference to such conditions and was delivered to United Southern which in turn made it available to Karp for use in connection with the sale of the debentures. In Georgia the beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract. Georgia Code Ann. 3-108. Cf. Dye v. Dye, 176 Ga. 67, 166 S.E. 861 (1932).

■ Appellant further contends that the doctrine of equitable estoppel prevents defendant Empire from urging the defense that the agreement was not binding because of non-fulfillment of conditions precedent. Equitable estoppel is an established principle of Georgia law and arises where a party has so acted that he has by his conduct either gained some advantage for himself or caused some disadvantage to another by reason of which it would be contrary to equity and good conscience to permit him to allege and prove the truth. Goodwyn v. Goodwyn, 20 Ga. 600 (1856); Cloud v. Bagwell, 83 Ga.App. 769, 64 S.E.2d 921 (1951).

It is incontestable that appellant purchased the debentures on the representations of Karp. Karp told Levy that the debentures were insured on the basis of the delivering to him of a copy of the May 17, 1961 insuring agreement, and of the letter from the president of Empire to the DeKalb County Ordinary —sent in his care—stating without qualification that Empire was insuring the 7% debentures. Appellant would not have purchased the debentures had he not been informed by Karp that they were insured up to the sum of $10,000,

plus interest, by the defendant insurance company.

On the critical facts involved here, there is no dispute. The depositions of appellant and Karp show the circumstances under which appellant was induced to purchase the debentures and they show unquestionably that Karp believed they were insured by defendant; that he had reason for this belief because he had been furnished with a copy of the insuring agreement and no notice of any conditions precedent had been revealed to him, nor were any recited in the agreement. Karp also had been assured in writing by defendant Empire's president that the debentures were insured in his letter to the DeKalb County Ordinary. On the basis of this information and representations which Karp then made to appellant, the purchase was made. The defendant Empire relies principally upon the failure of the conditions precedent to have been met and insists that the May 17, 1961 agreement was therefore not binding or enforceable.

■ We hold, however, that the trial court did not give proper consideration to those facts and circumstances which in our view clearly create an equitable estoppel against Empire, preventing it from urging the defense that the contract had not been finally consummated between the parties. Empire placed the insuring agreement in circulation at the time of its execution by giving a signed copy to United Southern. We believe it should be held responsible for this action especially where innocent people suffer financial loss as a result. Georgia Code Ann. 37–109 provides, "The equity of a party who has been misled is superior to that of him who wilfully misleads him." When defendant released its signed insuring agreement to United Southern making it possible for the agreement to be used in the sale of United Southern's debentures, and when its president wrote the letter to the De-Kalb County Ordinary, in care of Attorney Karp, stating that it had guaranteed payment of the debentures, defendant effectively estopped itself from contending that it did not have a binding insurance contract available to appellant as the third-party beneficiary thereunder. See also Georgia Code Ann. 37–113 which provides that "When one of two innocent persons must suffer by the acts of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss."

We find there is no genuine issue as to any material fact, as did the trial judge, but differ with him on the application of these facts to the law of Georgia. In our view, judgment should have been rendered granting plaintiff's motion for summary judgment and denying defendant's motion.

Reversed and rendered in favor of plaintiff appellant.