## STRAUSS *v.* GARRETT & SONS.

A parol promise to pay an existing debt of another who still remained bound, though such promise was made in consideration of an agreement by the debtor to sell goods belonging to him to the person making the promise, and in further consideration of an agreement by the creditor ( he, however, having no lien upon the goods ) to "refrain from interfering with or preventing" such sale by "endeavoring to secure or collect" the amount due him by the debtor, is not binding, and can not be enforced. The fact that a portion of the goods was actually sold, delivered and paid for under and in pursuance of such an arrangement does not alter the rule above announced, nor render the person making the parol promise, and who bought directly from the debtor the remainder of the goods, liable to the creditor for the price of the same.

Argued April 20, — Decided May 22, 1897.

Assumpsit.    Before Judge Butt.    Muscogee superior court.
May term, 1896.

*Goetchius & Chappell*, for plaintiff.
*McNeill & Levy*, for defendants.

COBB, J.   Strauss brought suit against Kaufman and Garrett & Sons, alleging that Kaufman was indebted to him and that Garrett & Sons undertook and 'agreed to assume the payment of the debt, in consideration of the transfer by Kaufman to them of certain merchandise, and the agreement by plaintiff to refrain from interfering with or preventing such transfer; that the transfer was made, plaintiff not interfering in any way to prevent it, and thereby Kaufman was rendered insolvent; that plaintiff had no lien upon the property to secure his debt, but that he could have obtained security for and final payment of his debt if the transfer had not taken place; that he has frequently demanded payment of Kaufman and of Garrett & Sons, but they each and all refused to pay.   He prays for judgment against all the defendants.

The promise of Garrett & Sons to pay the plaintiff the amount due him by Kaufman being in parol, and Kaufman still being bound on the debt to plaintiff, it was a clear case of a promise to answer for the debt of another person, and the obligation thus undertaken was not binding.   That the plaintiff had no lien upon the merchandise transferred, and that he upon the faith of the parol promise permitted the transfer which reduced his debtor to a state of insolvency, would not take the case out of the operation of the statute requiring such promises to be in writing.   Civil Code, § 2693; Birkmyr *v.* Darnell, 2 Smith's Leading Cases, p. 522.

The allegations of the petition, so far as they relate to Garrett & Sons, showing simply an obligation founded upon a parol promise made by them to answer for the debt of Kaufman, and there being nothing alleged which would take the case out of the operation of the statute of frauds, there was no error in sustaining a demurrer to the petition and dismissing the case as to them.

*Judgment affirmed.    All the Justices concurring.*