## COOK *v.* GEORGIA LAND COMPANY.

1. After the cause is at issue, the defendant may, by an answer in the nature of a plea puis darrein continuance, set up matter of defense which has arisen since the beginning of the action, or since the filing of the last plea.
2. In actions involving title or right of possession of land, the defendant may show that since the institution of the suit he has acquired title or right of possession.

Argued July 15,—Decided August 12, 1904.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    November 27, 1903.

The tax-collector of Fulton county issued executions in rem for taxes on the property described therein.    The land was sold at public outcry, and was purchased by the Georgia Land Company.    Before the expiration of the redemption year, the purchaser sued out a dispossessory warrant against Tansy Cook, alleging that the relation of landlord and tenant existed between them.    She filed an equitable petition seeking to enjoin the officer and the land company from dispossessing her, in which she denied that the relation of landlord and tenant existed between her and the land company, and alleged that she was the owner of the property; that she was the heir at law of her husband, the former owner; and that by reason of her poverty she was unable to give the statutory bond by which to arrest the warrant.    The case came on to be tried after the expiration of twelve months from the date of the sale.    The land company then amended its answer, and, by way of cross-bill, set out the facts in regard to the tax sale, and prayed for a decree that the legal title was in it, and for a writ of possession.    This amend-

ment was allowed, over the objection of the plaintiff. The case was submitted on these pleadings and on evidence in support thereof. The court directed a verdict that the dispossessory warrant be enjoined, and finding for the defendant company against the plaintiff, and that the company was entitled to a writ of possession. The plaintiff excepted to the allowance of the amendment filed by the land company, to the refusal of the court to direct a verdict in her favor, and to the order directing a verdict for the defendant.

*T. C. Battle* and *W. I. Heyward*, for plaintiff.
*John L. Hopkins & Sons*, for defendant.

LAMAR, J. (After stating the facts.) The Georgia Land Company instituted proceedings to dispossess Tansy Cook from land which the company had purchased at a tax sale. She filed an equitable petition seeking to enjoin the dispossessory warrant, contending that until after the expiration of the redemption year, the company, as purchaser at a tax sale, did not have such an estate as would entitle it to this relief. Pending the suit the twelve months expired. Thereupon the company, by a cross-bill, prayed for a decree establishing its title. This was resisted by the plaintiff, who contended that the company could only recover on the title as it existed at the time of the institution of the dispossessory proceedings. In actions of ejectment, or cases involving title and right of possession, the question primarily is whether the plaintiff had a right to recover at the commencement of the suit. If he did, he might be entitled to costs, damages, or mesne profits because of that right, even though pending the trial something occurred which made it impossible for him to recover the premises in dispute, or to have a writ of possession. And had there been any claim for mesne profits or cost due to this plaintiff, she would not have been deprived thereof merely because, pending the action, the defendant's inchoate rights had ripened into perfect title. But while these incidental features might have prevented the plea of puis darrein continuance from operating as a complete bar, it would not destroy the company's right to set up this title for the purpose of preventing her from retaining possession of the premises in dispute. A defendant in any case may, by a special plea, set up matter of defense which

has arisen since the institution of the suit, or since his last plea. Accord and satisfaction, release, discharge in bankruptcy since the filing of the petition, may be thus pleaded.    And if, pending an action for the recovery of the land, the title and right of possession have passed from the plaintiff and become vested in the defendant, this fact may be set up by special plea of puis darrein continuance.    Alexander v. Collins, 7 Ala. 480; Hayden v. Ahern, 9 Gray, 438.    Such is the rule at law.    In equity it is especially applicable, in view of the policy to do complete justice and avoid a circuity of actions.    The court properly allowed the amendment, and did not err in directing a verdict for the defendant.    Civil Code, §§ 4833, 4837.

<i>Judgment affirmed.    All the Justices concur.</i>