## SMITH v. HORTON et al.

HILL, J. 1. A strict bill of interpleader involves to some extent two suits: first, a proceeding by a person holding a fund or property, or owing a debt or duty to persons making adverse claims thereto, for the purpose of compelling the adverse claimants to litigate among themselves in regard thereto and to obtain a discharge of the original plaintiff from liability (usually upon paying the fund into court, where there is litigation over a fund); and second, a litigation between the rival claimants to determine who is entitled to such fund, where the litigation is over it. The original plaintiff is concerned only in obtaining his own discharge from liability and causing the adverse claimants to interplead and determine their respective rights in regard to the matter. As against him, each of them may controvert his right to maintain such an equitable proceeding, or to have a decree of interpleader and obtain a discharge from further liability on his part. As between themselves, each in some respects occupies the position of a plaintiff and of a defendant. Where an equitable petition (serving in this State the purpose of a bill of interpleader) was filed, and an order

granted authorizing the plaintiff to pay the fund in controversy into court and thereupon be discharged, and requiring the defendants to interplead in regard to it, the fact that one of the defendants did not file an answer to the petition of the original plaintiff until after the call of the docket at the appearance term, and the making of an entry of default as to him, did not put him in default as to his codefendant with whom he was ordered to interplead, no limit of time having been fixed in the order within which he should file his pleadings. It was accordingly not error to refuse to strike the pleading of such defendant (though called an answer to the original petition and to the pleading of his codefendant), at the instance of the latter, on the ground that it was filed after the call of the appearance docket, such plea not controverting the right to the order to interplead, but only setting up the grounds of contest of such defendant as against his codefendant and a defense against the claim of such codefendant.

(a) An order for interpleader should not be granted ex parte, but only after due opportunity for a hearing. In the present case no attack is made upon the order of interpleader, but both defendants contest for the fund in dispute under such order, recognizing its validity.

2. There was no abuse of discretion in overruling the ground of the motion for a new trial which was predicated upon newly discovered evidence.

3. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1916.

Interpleader. Before Judge Patterson. Floyd superior court. December 23, 1914.

*M. B. Eubanks* and *George A. H. Harris,* for plaintiff in error.
*Denny & Wright, W. M. Henry,* and *Dean & Dean,* contra.