ESTILL, guardian, *et al. v.* ESTILL *et al.*

1. While a strict bill of interpleader involves two suits, a petition in the nature of a bill of interpleader does not necessarily involve two sets of pleadings, though the better practice might be to require them. Consequently, where a petition was filed by a trustee in whose hands there was a fund for distribution, which it was alleged was claimed by all of the defendants, and the prayer was for an order requiring the defendants to interplead, and each of the defendants answered the petition, either admitting all of its allegations or setting up such facts as required the granting of the order of interpleader, and each asserting a claim to the fund in the hands of the trustee; and where each defendant, independently, either admitted the allegations of the petition for interpleader, or expressly averred such facts as to create an issue between the codefendants as to which was entitled to the fund, and the case was tried on the issues thus raised, it was not error, under the facts of this case, to decline to enter a decree or direct a verdict for two of the defendants on their motion upon the ground that the other defendants had not in their answers set up a claim to the fund, and that the answers of the movants were verified, and, in the absence of such opposing claim by the codefendants, were to be taken as proved.

   (*a*) The codefendants did by their pleadings set up a claim to the income from the fund in the hands of the trustee.

   (*b*) An amendment to the pleadings can be made at any time before verdict. The amendments in the present case, whether taken as amendments or as original pleadings, were in time, and there was sufficient basis to amend.

   (*c*) It was not error to refuse to dismiss the motion for a new trial.

2. The evidence on the issue of fact whether the minor ward was the child of testator's son Marion was conflicting, and the court did not err in refusing to direct a verdict.

3. The verdict was not required under the law and the evidence, and the court did not err in the first grant of a new trial.

No. 47. NOVEMBER 17, 1917.

Interpleader. Before Judge Sheppard. Chatham superior court. November 29, 1916.

*W. B. Stubbs* and *G. N. Alford,* for plaintiffs in error.

*Adams & Adams; Thomas P. Ravenel, Robert L. Colding,* and *Osborne, Lawrence & Abrahams,* contra.

HILL, J. John Holbrook Estill died on November 9, 1907, leaving a will, the eighth item of which, so far as material here, is as follows: "To the Citizens & Southern Bank of Savannah one sixth part, which it shall hold as trustee upon the following uses and trusts, namely: to pay the income therefrom to my son Marion W. Estill, during the term of his natural life, for the support of himself and the support and education of his children should he

leave any; and after his death, said income to be applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent. If, however, my son Marion W. Estill should depart this life leaving no child or issue of child surviving him, then the one sixth part shall be equally distributed between the distributees of the other five sixths in the manner provided in this item." After the death of Marion W. Estill on December 27, 1915, his widow, Elizabeth Pate Estill, who had been appointed guardian of Marian Virginia Estill, the reputed minor child of Marion W. and Elizabeth Pate Estill, claimed that the minor was their child and was entitled to receive through her guardian the income of the property theretofore paid by the trustee to said Marion W. Estill until his death. On refusal of the trustee, Citizens & Southern Bank, to pay over the income, the guardian brought suit against the trustee to recover it. Whereupon the trustee filed a petition for interpleader, alleging substantially the above-recited facts; and further, that certain of the defendants had notified petitioner that Marion W. Estill left no child, and that Marian Virginia Estill was not his child and was not entitled to receive any of the income in controversy. All of the parties defendant claimed to be interested in the property described and the income therefrom; and the claim of the guardian for the minor child conflicts with the claims of the other parties. The defendants John H. Estill, Holbrook T. Estill, and Walter Estill are sons of the testator. Maude M. Key is the widow of John S. Estill, another son who died since the death of his father. She has since married again and is the guardian of the three minor children, Annie Lloyd Bazemore, Frederick Albert Estill, and Margaret Elizabeth Estill, who are the children of James S. Estill. Marian J. Estill is the trustee for her minor child, Edward Van Estill, a son of Walter Estill. Helen Van Dyke, Clara Estill, and Stewart Anthony Estill are the children of Holbrook T. and Annie H. Estill. Petitioner as trustee is in such position that it can not safely settle the conflicting claims, and it is prayed that all the defendants be required to answer and interplead to the end

that the question whether Marian Virginia Estill is the child of Marion W. Estill, and as such entitled to the income heretofore paid Marion W. Estill, may be adjudicated.

The court ordered the parties defendant to interplead. Elizabeth Pate Estill, guardian of Marian Virginia Estill, and Marian Virginia Estill by her guardian, filed answers setting up the claim of the minor to the trust fund, and praying that the trustee be directed to pay the income from the trust property to the guardian. Maude Hill Scarborough, one of the defendants named, filed an answer in which she admitted some of the allegations of the petition, and stated that she could neither admit nor deny others. By amendment, allowed over objection, she set up her claim to an interest in the trust fund. John H. Estill et al. filed an answer in which they admitted all the allegations contained in each paragraph of the petition (one of which alleged that all the defendants claimed an interest in the trust fund); and afterward amended their answer to the petition for interpleader and averred, that "during the life of Marion W. Estill, realizing in the event he should die without issue said Elizabeth Pate Estill, his wife, would not receive any of the money or property coming from the estate of said John H. Estill, and that the same should revert in the manner mentioned and described in the petition for interpleader, the said Marion W. Estill and Elizabeth Pate Estill conspired to perpetrate a fraud by obtaining possession of a child whom they proclaimed to the world as theirs in order that the portion of the estate set apart for Marion W. Estill upon his death would not be entirely lost to Mrs. Elizabeth Pate Estill; that in pursuance of said fraudulent purpose said Marion W. Estill and Elizabeth Pate Estill obtained possession of a child now known as Marian Virginia Estill, which child is not the child of said Marion W. Estill and Elizabeth Pate Estill; and the said Elizabeth Pate Estill, as the guardian of the said Marian Virginia Estill, is now seeking to claim said portion of said estate for said child. Walter Estill and Maude M. Key (formerly Estill), as guardian of her three minor children, show to the court that it is absolutely necessary for the preservation of that portion of the estate rightfully belonging to them that an attorney should be employed to represent their interest in this litigation, and, in the event said child is found to be not the child of Marion W. Estill and Elizabeth

Pate Estill, pray that they be allowed to draw on that portion of said estate bequeathed to them under the terms of the will of the late John H. Estill to pay their reasonable attorney's fees incurred in this behalf." Counsel for Marian Virginia Estill and for Elizabeth Pate Estill objected to this amendment, on the grounds, that the defendants named had not filed any claim to the trust fund which was the subject of the litigation, and therefore there was not enough to amend by; that, not having filed any claim to the fund, they were not parties to the litigation; and that what purported to be an amendment was but an original pleading and should have been filed at the first term. The court overruled the objection, and this ruling was excepted to pendente lite. Maude Hill Scarborough offered an amendment alleging that she was entitled to one sixth of the money held by the trustee bank, which was allowed over objection; and this ruling was likewise excepted to. At the trial term counsel for Marian Virginia Estill and for Elizabeth Pate Estill, guardian, moved that the court enter a decree in favor of Marian Virginia Estill, or to direct a verdict in her favor. The motion was overruled, and they excepted. The jury returned a verdict in favor of the claim of Marian Virginia Estill. A motion for a new trial was made by John H. Estill, Holbrook T. Estill, Maude M. Key (née Estill), guardian of Annie Lloyd Bazemore (née Estill), Frederick Albert Estill, Margaret Elizabeth Estill, the three minor children just named, and Walter Estill. A motion was made by Marian Virginia Estill and Elizabeth Pate Estill, guardian, to dismiss the motion for a new trial on the ground that the movants for new trial had filed no claim to the trust fund and were not parties to the litigation. The motion to dismiss was overruled, and this ruling was excepted to. A new trial was granted as to all the movants therefor; and Marian Virginia Estill and Elizabeth Pate Estill, guardian, excepted.

1. There is no merit in the contention of plaintiffs in error that the court erred in declining to enter a decree in favor of Marian Virginia Estill, because the plaintiffs in error had filed verified answers and claims setting out fully and distinctly the claim for Marian Virginia Estill, and none of the other defendants had filed any claim to the trust fund or raised any issue of fact to be tried by a jury; or because the statements of fact con-

tained in the verified answers of movants were not denied, and were therefore to be taken as true. It is true that the original answers of the other defendants merely admitted the allegations of fact in the petition to be true. But it was alleged in express terms in the petition that all the parties defendant claimed to be interested in the property described and the income therefrom. This allegation was admitted by the answers of all the defendants, with the statement that "the issue raised by the petition heretofore filed may be fully determined;" and the effect of the petition and answer is to claim the fund as effectually as if they had written it out again in express terms. In addition to their original answer the defendants (other than the plaintiffs in error) filed an amendment, which was verified, and which was in effect an original answer (being made after the order to interplead), and set out explicitly that the minor, Marian Virginia Estill, was not the child of Marion W. Estill and was not entitled to the fund. Taking both answers together, we are of the opinion that the answers of John H. Estill and others, properly construed, mean that they did claim the fund in controversy as against their codefendant Marian Virginia Estill. While a strict bill of interpleader involves to some extent two suits, as said in *Smith* v. *Horton,* 144 *Ga.* 496 (87 S. E. 655), yet a petition in the nature of a bill of interpleader does not necessarily involve two sets of pleadings. It is no more incumbent on one defendant to answer the answer of a codefendant than it is for the latter to do so. Why should John H. Estill et al., one set of defendants, be required to answer the answer of Marian Virginia Estill, another defendant, rather than that Marian Virginia Estill should be required to answer the one of John H. Estill et al.,—at least without an order of court for that purpose? When the court orders the defendants to interplead, the plaintiff stands aside, and the defendants are required to litigate their respective rights to the fund in dispute. Each defendant then occupies somewhat the position of a plaintiff as against the other, and each should state his claim plainly, clearly, and distinctly, and, as far as he can, take issue with the claim of the other. Assuming that both answers are filed simultaneously, they could not *answer* each other, but they could set up the respective claims of each, which would make an issue, if antagonistic. See 14 Standard Enc. Proc. 211, 213. In case of de-

fault of one of the defendants to aver and establish his claim, the other would, upon setting up and establishing his own claim, be entitled to a decree for the payment of the fund to him. Ibid. And see 23 Cyc. 33 (7). The main thing is, where an interpleader has-been required by the court, has the conflicting claim of each defendant been clearly set up as against the other defendant, so as to make an issue which can be determined by the court and jury? While it might be the better practice for the court, by appropriate. order, to require each set of defendants to plead and set up his or her claim, and the others to answer it, yet where each has, in the respective answers to the petition for interpleader, set up clearly and distinctly his or her claim to the fund, and such answers form an issue which can be tried and determined, we think this is sufficient. In the instant case both sets of defendants have filed their answers to the petition for interpleader independently, and one set filed amended answers which were broad enough not only to cover the question whether an interpleader should be ordered by the court, but also the question as to the respective claims of each defendant to the fund in controversy, should the interpleader be ordered. Neither side contested the right of the court to order the parties to interplead. It was so ordered, and the case was tried on the issue raised by the separate answers and amended answers; and while some of the answers might have been fuller and more explicit, we think they were sufficient. The court below seems to have placed this interpretation on the pleadings, and to have tried the case on the one set of pleadings. Surely the plaintiffs in error can not complain, for their answer was filed prior to the order requiring the parties to interplead; whereas the amendments of the codefendants were filed after the order, which is the better practice.

It was further contended that the amendments to the answer came too late, and were not good because there was nothing to amend by. We can not agree to this contention. An amendment to the pleadings can be made at any time before verdict; and as the defendants had already answered in time the petition for interpleader, admitting its allegations, it can not be said that there was nothing to amend by at a subsequent stage before verdict. Nor can it be said that the statements of fact contained in the answers of the movants (which were verified) were not denied by the answer of the defendants (which were also verified), and were

therefore to be taken as true. The issues of fact were sharply drawn by the pleadings and evidence, as to whether the minor was the child of Marion W. Estill; both sets of defendants claimed the fund, and the court was therefore right in not entering a decree for the minor, Marian Virginia Estill. The answers of the plaintiffs in error were filed before the interpleader was ordered. The other codefendants pleaded by amended answer after the interpleader was ordered. If the amended answers were too late, the original answers of the plaintiffs in error, for the same reason, would have no effect other than as answers to the petition for interpleader, for they were filed before the order requiring the parties to interplead. But we do not think they were too late.

2. There was no error in refusing to enter a decree for the minor claimant of the fund. The evidence was conflicting. One of the issues in the case was whether Marian Virginia was the child of Marion W. Estill. There was evidence tending to show that Marian Virginia Estill was the child of Marion W. and Elizabeth Pate Estill, but there was also evidence tending to show that she was not. The pleadings and evidence made an issue of fact which it was the sole province of the jury to determine, and the court properly allowed the jury to pass on the issue thus raised.

3. This was the first grant of a new trial; and unless the verdict of the jury was required under the law and the facts, the discretion of the trial judge will not be disturbed. Civil Code, § 6204. We have read the evidence carefully, and reach the conclusion that there was no abuse of discretion in granting a new trial.

4. There was no error in refusing to dismiss the motion for new trial for want of proper parties. On the hearing of the motion for new trial in the court below the plaintiffs in error moved to dismiss the motion on the following grounds: that the movants are not parties to the present litigation authorized to file the motion for new trial, because: (*a*) The movants have filed no claim to the trust fund which is the subject of this litigation; and as they have not claimed the fund or any part of it, they have no right to object to the disposition of it. (*b*) The movants have filed no pleading clearly, fully, and distinctly setting out their claim to the trust fund which is the subject of this litigation. This motion to dismiss is without merit, for the reasons set out in

the preceding divisions of this opinion. In reaching this decision we have not overlooked the case of *Chandler* v. *Smith*, 145 *Ga.* 299 (89 S. E. 199), and the cases upon which the ruling therein was predicated; but the motion to dismiss the motion for a new trial involves the same questions raised by the exceptions pendente lite, and it was therefore necessary, in ruling upon the refusal to dismiss the motion for a new trial, to discuss and decide the questions presented in the exceptions pendente lite. ˉ

*Judgment affirmed. Fish, C. J., absent. Atkinson, J., disqualified. The other Justices concur, Gilbert, J., specially, as based only on the third division of the opinion.*