### 11957. VAN HARLENGEN *v.* BEARSE.

1. That the suit was for the tort of a partnership did not appear from the plaintiff's petition; and, in order for the defendant to set up that it was based upon a partnership liability and that his copartner was a necessary party, he should have raised the point by a plea in abatement at the first term of the court. Without such a plea a verdict could not legally be directed in his favor on this ground.
2. The alleged injury to the plaintiff by the defendant's bull was proved without contradiction; and the questions as to the viciousness of the bull, the negligence of the defendant, and the negligence of the plaintiff should have been submitted to the jury for determination. The court erred in directing a verdict for the defendant.

              DECIDED MARCH 9, 1921.

Action for damages; from city court of Atlanta — Judge Reid. September 30, 1920.

*Robert C. & Philip H. Alston*, for plaintiff.
*William F. Buchanan*, for defendant.

LUKE, J. By statute it is provided that where a person " owns or keeps a vicious or dangerous animal of any kind, and by the careless management of the same, or by allowing the same to go at liberty, another without fault on his part is injured thereby, such owner or keeper shall be liable in damages for such injury." Civil Code (1910), § 4417. This suit was brought under the foregoing section, for personal injuries inflicted upon the plaintiff by a bull alleged to be the property of defendant. Upon the trial the defendant contended that there could be no legal recovery, inasmuch as the suit was brought against him as an individual, and the proof developed that the animal was the property of a partnership composed of the defendant and his son. He contended also that the evidence adduced was insufficient to authorize a recovery in any event. At the conclusion of the evidence the court, upon motion of the defendant's counsel, directed a verdict in favor of the defendant.

1. It does not appear on the face of the petition that the suit was brought against an individual for the tort of a partnership, and, in order for the defendant to claim that the suit against him as an individual is based upon a partnership liability, and that the other partner is a necessary party thereto, he should have raised the point by a plea in abatement properly sworn to and filed at the first term of the court. Civil Code (1910), § 5058; *Merritt* v. *Bagwell,* 70 *Ga.* 578, 585; *Hirsch* v. *Oliver,* 91 *Ga.* 554 (4) (18 S. E. 354); *Bray* v. *Peace,* 131 *Ga.* 638 (2-5) (62 S. E. 1,025). No such plea was filed in the instant case, and consequently the defendant could not raise the point at the trial term, and a verdict in his favor could not legally be directed on this question. See also 20 R. C. L. § 126.

2. The injury alleged was proved beyond contradiction, but the other questions of fact involved, as to the viciousness of the bull, the negligence of the defendant, and the negligence of the plaintiff, should have been submitted to a jury for determination. It follows that the court erred in directing a verdict for the defendant.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*