19006, 19040. ATLANTIC REFINING COMPANY *v.* SPEARS *et al.;* and *vice versa.*

CANDLER, Justice. On September 1, 1953, Mrs. Elizabeth Lott Spears and Chester W. Spears, alleging themselves to be citizens and residents of Richmond County, Georgia, instituted an action for injunctive relief against Atlantic Refining Company, a corporation. In substance, the petition alleges that the plaintiffs reside in an area of Richmond County which is zoned for uses other than and different from that of gasoline filling stations, and that the defendant is, in violation of the zoning ordinance, erecting a filling station therein. The defendant interposed general and special demurrers to the petition and also answered it. The answer avers in substance that filling stations are in fact a permitted use of the area involved, but by clerical error they were inadvertently omitted from the zoning ordinance. The defendant, on October 13, 1954, amended its demurrer by adding another special ground. The plaintiff demurred to the answer on general and special grounds and moved to strike it. By an amendment to its original answer the defendant averred that, on October 5, 1954, the zoning authorities of Richmond County, after proper advertisement and notice to all interested parties, amended the ordinance which zoned the area involved so as to permit and authorize the erection and operation of filling stations therein. The plaintiffs renewed their demurrers to the answer as amended, and demurred to it specially on other grounds. The plaintiffs made three material amendments to the original petition after it was demurred to by the defendant ·on general and special grounds. Their last one alleges that the amendment of October 5, 1954, to the zoning ordinance which purports to permit and authorize the erection and operation of filling stations in the area involved is null, void, and unconstitutional for reasons therein stated. The defendant did not demur to any of the plaintiffs' amendments nor renew the demurrers previously interposed to the petition as amended. At an interlocutory hearing and after the parties had introduced their evidence, the trial judge temporarily enjoined the defendant from constructing a filling station on its property. In the main bill of exceptions the defendant assigns error on the judgment overruling its demurrers to the original petition, and on the order granting a temporary injunction. In a cross-bill of exceptions the plaintiffs assign error on the overruling of their demurrers to the defendant's answer as amended and on the order refusing to strike the defendant's amended answer. *Held:*

1. There is no merit in the contention that the court erred in overruling the defendant's demurrers. After these demurrers were interposed, the

petition was materially amended three times, and the demurrers were not renewed to the petition as amended. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d 385). For like rulings, see *Powell* v. *Cheshire,* 70 *Ga.* 357 (2b) (48 Am. R. 572); *Horton* v. *Walker,* 204 *Ga.* 319 (1) (49 S. E. 2d 900), and the cases there cited.

2. When this litigation was instituted, as the evidence shows, the area involved was zoned for other and different uses than that of gasoline filling stations. Subsequently and on October 5, 1954, the zoning ordinance was amended so as to permit the erection and operation of filling stations therein; but the ordinance as amended still provides that the filling stations permitted thereby must be conducted wholly within a building, except for off-street loading and delivery vehicles which are incidental thereto as required in section 7 (c) of the ordinance. The evidence shows that the filling station being erected by the defendant will not be a business of the permitted type, but will be one which will be conducted largely outside of a building. Hence the court properly granted an interlocutory injunction.

3. "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code § 81-1301. In this State the right of either party to amend pleadings is very broad, and the practice of allowing them is liberal. *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126). By an amendment and after the time for answer has expired, a defendant may change, alter or modify his original answer (*Richardson* v. *Hairried,* 202 *Ga.* 610, 44 S. E. 2d 237); and he may set up new, distinct, and even contradictory defenses of which notice was not given in his original answer, provided he makes the required affidavit. Code § 81-1310; *Mendal* v. *L. F. Miller & Sons,* 134 *Ga.* 610 (2) (68 S. E. 430); *Estill* v. *Estill,* 147 *Ga.* 358 (94 S. E. 304). And after the cause is at issue, the defendant may, by an amendment to his answer, set up a defense which has arisen since the beginning of the action, or since the filing of his original plea. *Cook* v. *Ga. Land Co.,* 120 *Ga.* 1068 (48 S. E. 378); *Horne* v. *Rodgers,* 103 *Ga.* 649 (2) (30 S. E. 562); *Malcom* v. *Fulton County,* 209 *Ga.* 392 (5) (73 S. E. 2d 173). In this case and by an amendment to its original answer, the defendant averred that the zoning authorities of Richmond County had, since the plaintiffs' suit was filed, duly and legally rezoned the area involved so as to permit and authorize the erection and operation of filling stations therein. As against general demurrer, the defendant's amended answer set up a defense to the cause declared on, and its answer as amended is not subject to the attacks made on it by any of the special demurrers.

(*a*) There is no merit in the contention that the defendant's original answer did not contain enough to amend by.

*Judgments affirmed on the main bill and cross-bill of exceptions. All the Justices concur.*

Argued July 11, 1955—Decided September 12, 1955.

*Hull, Willingham, Towill & Norman, James M. Hull, Jr.,* for plaintiff in error.

*Cumming, Nixon & Eve, Joseph B. Cumming, Wm. P. Congdon, Samuel E. Tyson,* contra.