### 19855. GALLOWAY *v.* MERRILL.

HAWKINS, Justice. 1. While Code (Ann.) § 24-102 provides that "No judge or justice of any court . . . shall sit in any cause or proceeding in which . . . he has presided in any inferior judicature, when his ruling or decision is the subject of review," the motion of plaintiff in error to disqualify one of the Justices of this court, because in 1937 he entered the judgment in the superior court which is pleaded as res judicata of the present proceeding, is without merit, and is denied, that judgment not now being the subject of review. See *Cochran* v. *State,* 113 *Ga.* 736 (39 S. E. 337); *Blakeman* v. *Harwell,* 198 *Ga.* 165, 173 (31 S. E. 2d 50).

2. The failure to pay the costs in the trial court, or to file a proper affidavit in forma pauperis in lieu thereof, is not ground for dismissal of a writ of error. *Brewer* v. *Brewer,* 6 *Ga.* 587; *Perkins* v. *Rowland,* 69 *Ga.* 661; *Bethea* v. *Dixon,* 72 *Ga. App.* 384 (33 S. E. 2d 723). The motion to dismiss the bill of exceptions upon the ground that the costs in the trial court had not been paid, and that no proper affidavit in forma pauperis had been filed, is denied. Code (Ann.) § 24-4521, and Code § 24-4523, cited by counsel for defendant in error, refer to costs in the appellate court, and not to costs in the trial court.

3. While the defense of res judicata cannot be taken advantage of unless specially pleaded (*Sumner* v. *Sumner,* 121 *Ga.* 1 (6), 48 S. E. 727), it is provided by Code (Ann.) § 81-305 that the defendant, within the time required by the process, shall file his defense in writing, in which he shall plainly, fully, and distinctly set forth his defense, and that "Such plea or answer may contain as many several matters as the defendant may think necessary for his defense." A plea of res judicata is not a dilatory plea, but is in the nature of a plea in bar, and need not be filed at the first term. *Hill* v. *Cox,* 151 *Ga.* 599 (2) (107 S. E. 850); *Gamble* v. *Gamble,* 204 *Ga.* 82 (48 S. E. 2d 540). "Matters in abatement and in bar may be mixed in the same answer, and one defense will not defeat another." *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532 (3) (4 S. E. 921). See also *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 59 *Ga.* 157. The motion to purge and strike that part of the defendant's answer setting up a plea of res judicata, and the objections to the introduction in evidence of the record in the former proceedings, copies of which were attached to the defendant's answer, upon the ground that the plea of res judicata was contained in the defendant's answer and was not set up as a special plea, separate and apart from the general answer, were properly overruled by the trial court.

4. The plaintiff's petition seeks to recover of the defendant certain lands therein described, conveyed to the defendant by the plaintiff's father, and profits received by the defendant therefrom, upon the ground that her father had no title thereto or right to sell the same under the will of her mother. To this petition the defendant filed his answer and plea of res judicata. The proceeding relied upon by the defendant as

res judicata was a suit instituted by the present plaintiff in 1937 against her father, the grantor of the present defendant, wherein she alleged that, as an heir at law of her mother, she was the owner of an undivided one-half interest in the land described in the present suit, and that the will of her mother, under which her father claimed title, was insufficient to convey title to him. She prayed that the will under which her father claimed title be construed by the court, and be declared null and void; that her father be restrained and enjoined from encumbering or disposing of the property; for the appointment of a receiver therefor; that an undivided one-half interest in said property be decreed in her; and for other relief. To this petition her father interposed a general demurrer upon the ground that the petition failed to state a cause of action, which demurrer was sustained by the trial court. That judgment was affirmed by this court, and the judgment of this court was duly made the judgment of the trial court. The plaintiff moved to dismiss the plea of res judicata and objected to the introduction in evidence of the former proceeding, upon the ground that it was not between the same parties, and the issues are not the same. *Held:*

(a) "Under the doctrine of res judicata, 'a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.' Code § 110-501." *Sumner* v. *Sumner*, 186 *Ga.* 390 (2) (197 S. E. 833). Code § 3-607; *Gamble* v. *Gamble*, 204 *Ga.* 82, 90 (4) (48 S. E. 2d 540); *Nail* v. *Nail*, 212 *Ga.* 299 (92 S. E. 2d 109); *Gamble* v. *Gamble*, 207 *Ga.* 380 (61 S. E. 2d 836).

(b) A judgment sustaining a general demurrer to a petition, on the ground that the petition sets out no cause of action for the relief sought, is a decision on the merits of the case. Code § 110-504; *Northern Assurance Co.* v. *Almand*, 210 *Ga.* 243 (78 S. E. 2d 788).

(c) Applying the foregoing rulings, the trial judge did not err in denying the motion to dismiss the defendant's plea of res judicata, or in overruling the objections to the introduction of the record in the former proceeding between the plaintiff and the defendant's predecessor in title, involving the same lands

now sought to be recovered by the plaintiff upon the same claim of title, or in directing a verdict in favor of the defendant's plea of res judicata.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1957—DECIDED OCTOBER 15, 1957— REHEARING DENIED NOVEMBER 8, 1957.

*Chas. W. Anderson, Oze R. Horton,* for plaintiff in error.
*Robert D. Tisinger, Shirley C. Boykin,* contra.