## 20091. DYKES v. DYKES et al.

DUCKWORTH, Chief Justice. 1. Whenever the evidence demands a verdict for a party who moves for a directed verdict at the close of the evidence, which motion is denied, such party may, within 30 days after reception of the verdict, move for a judgment notwithstanding the verdict, and it is reversible error for the court to refuse to grant such motion. Code (Ann.) § 110-113 (Ga. L. 1953, Nov. Sess., pp. 440, 441; Ga. L. 1957, pp. 224, 236); *Baker* v. *Shockey*, 93 *Ga. App.* 595 (92 S. E. 2d 314).

2. A plea of res judicata alleging former recovery in an adjudication of the same subject matter in issue between the same parties by a court of competent jurisdiction is a plea in bar (*Perry* v. *McLendon*, 62 *Ga.* 598; *Hill* v. *Cox*, 151 *Ga.* 599, 107 S. E. 850), and the judgment thus alleged, if true, is conclusive as to all matters put in. issue or which might have been put in issue. *Galloway* v. *Merrill*, 213 *Ga.* 633 (3, 4a) (100 S. E. 2d 443). Thus, when on the trial of this suit it was admitted, without question, that the parties were the same as in a previous suit, occupying the same position as plaintiff and defendants, which case related to the same fence being erected by the defendants, and the land line from an old pond to the Eastman-Bethel Road, as in this case, and that the litigation involves the boundary of the same two tracts as in the case tried previously, the plea of res judicata should have been sustained, since the evidence demanded such a finding, and the court did not err in granting the motion for judgment notwithstanding the verdict. Code § 110-104; *Glaze* v. *Bogle*, 105 *Ga.* 295 (3) (31 S. E. 169); *Whiteway Neon-Ad* v. *Maddox*, 211 *Ga.* 915 (89 S. E. 2d 650).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 9, 1958—DECIDED JULY 11, 1958.

*D. D. Smith*, for plaintiff in error.
*A. R. Ross, Ross & Ross, Albert D. Mullis*, contra.