41060. FUNDERBURG v. FARR FURNITURE COMPANY.

RUSSELL, Judge. ■ Where a cause of action is set out against an individual defendant as to what is in fact a joint liability of that defendant and another, if the fact appears on the face of the petition the point may be made by special demurrer (*Merritt v. Bagwell,* 70 Ga. 578, 585) ; if it does not so appear, the defense that there is a lack of a necessary party must be raised by a plea in abatement filed at the first term. *Bray v.*

*Peace,* 131 Ga. 637 (2, 3) (62 SE 1025); *Van Harlengen v. Bearse,* 26 Ga. App. 473 (1) (106 SE 306). See to the same effect *Hirsch v. Oliver,* 91 Ga. 554 (18 SE 354); *Dickenson v. Hawes,* 32 Ga. App. 173 (122 SE 811). On the other hand, where a petition shows on its face that not the defendant but another owes the debt, the issue may be reached by general demurrer (*Strauss v. Garrett & Sons,* 101 Ga. 307, 28 SE 850), and where the defendant pleads matter which, if sustained, would absolve him from liability on the debt, such matter is not a dilatory plea but is in bar of the action as to him. A plea in bar may be filed at any time. *Galloway v. Merrill,* 213 Ga. 633 (3) (100 SE2d 443); *Dykes v. Dykes,* 214 Ga. 288 (104 SE2d 430); *Hill v. Cox,* 151 Ga. 599 (2) (107 SE 850).

■ This was an action on open account naming as defendant L. G. Funderburg, d/b/a L. G. Funderburg Company. The defendant, Funderburg, answered admitting jurisdiction and denying the remaining allegations of the petition. More than 30 days thereafter he filed an amendment which was verified and complied with the terms of *Code* § 81-1310 by a recital that the matter contained therein was not omitted for purpose of delay and the amendment was not now offered for delay, which amendment stated that L. G. Funderburg Company is a corporation, that such corporation contracted the debt on which the plaintiff declared, and that the defendant named in the suit did not contract the debt, received no benefit from the materials sold, never agreed to pay the debt sued on, has had no dealings with the plaintiff, and is not indebted to him in any amount whatever. The amendment was stricken on motion. Error is assigned on the final judgment in behalf of the plaintiff and on the order striking the amendment as an erroneous and controlling ruling. It was of course controlling in that it barred the individual defendant from proving that the debt was not his but that of another. "By an amendment and after the time for answer has expired, a defendant may change, alter or modify his original answer (*Richardson v. Hairried,* 202 Ga. 610, 44 SE2d 237); and he may set up new, distinct, and even contradictory defenses of which notice was not given in his original answer, provided he makes the required affidavit. *Code* § 81-1310; *Mendal v. L. F. Miller & Sons,* 134 Ga. 610 (2) (68 SE 430); *Estill v.*

*Estill*, 147 Ga. 358 (94 SE 304)." *Atlantic Refining Co. v. Spears*, 211 Ga. 787, 788 (3) (89 SE2d 177). All that the amendment here did was to state a particular reason for the denial of the debt contained in the original answer. Since it complied with the statutory requirements pertaining to the amendment of answers, the defendant's right to amend at the time was absolute. The trial court erred in sustaining the motion to strike the amendment, and this renders the subsequent proceedings nugatory.

*Judgment reversed. Jordan, J., concurs. Felton, C. J., concurs in the judgment.*

DECIDED MARCH 8, 1965.

*Thurmond, Hester, Jolles & McElmurray, Otis F. Askin,* for plaintiff in error.

*Henry J. Heffernan,* contra.