KINETIC CONCEPTS, INC. (A Texas Corporation), Plaintiff,

v.

KINETIC CONCEPTS, INC. (A Georgia Corporation), Southern Medical Supply Company, d/b/a Southern Medical, Inc.; Robert A. Lundquist; Edison E. Lyle and Motion Manufacturing, Inc., Defendants.

KINETIC CONCEPTS, INC., Plaintiff,

v.

SOUTHERN MEDICAL SUPPLY COMPANY, d/b/a Southern Medical, Inc.; Kinetic Concepts, Inc.; Robert A. Lundquist; and Edison E. Lyle, Defendants.

KINETIC CONCEPTS, INC., Plaintiff,

v.

MOTION MANUFACTURING, INC., Defendant.

Civ. A. Nos. C81–875A, C81–1398A and C82–247A.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 4, 1985.

Randall L. Hughes, Ellwood F. Oakley, III, Dodd, Driver, Connell & Hughes, Atlanta, Ga., Donald R. Comuzzi, Charles W. Hanor, Cox & Smith, San Antonio, Tex., for plaintiff.

Robert L. Schwind, Atlanta, Ga., Paul S. Weiner, Martin L. Cowen, III, Jonesboro, Ga., Mr. Jay E. Loeb, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

These cases are now pending before the court on three motions filed by defendants Southern Medical Supply Company and Edison E. Lyle. For the reasons which appear herein, all three motions are DENIED.

### A. MOTION TO DECLARE LUNDQUIST AND MOTION MANUFACTURING UNREPRESENTED.

■ In a motion filed in open court on October 2, 1984, defendants Lyle and Southern Medical requested that in the event that neither Lundquist nor Motion Manufacturing, nor any counsel representing them, appeared at the status conference scheduled for that day, this court declare those two defendants to be unrepresented. The basis of this motion appears to be the contention of Lyle and Southern Medical that neither Lundquist nor Motion Manufacturing remains interested in this litigation, such that copies of pleadings should not be served on them. The record of this case reflects that these defendants are represented by Mr. Paul Weiner. Although Mr. Weiner did not appear at the status conference, he has responded to this court's show cause order (which will be ruled upon in a separate order) and has

continued to express his interest in this ongoing litigation. Moreover, defendant Lundquist was present at the hearing on October 2, 1984. It appearing to the court that the motion to declare Lundquist and Motion Manufacturing unrepresented is without basis, given the record of this case, said motion is DENIED.

### B. MOTION FOR SEVERANCE.

On October 2, 1984, defendants Lyle and Southern Medical filed a motion for severance. The basis of this motion was the perception of counsel for those two defendants that certain cases had been consolidated with others, when they had not. To review the current status of this case, the following three cases are currently consolidated for all purposes: Civil Action No. C81–875A, Civil Action No. C81–1398A, and Civil Action No. C82–247A. Consolidated with those cases for purposes of pretrial discovery only is Civil Action No. C81–875A, a trademark case involving some of the same parties as the foregoing patent actions. To clarify for the benefit of Lyle and Southern Medical's counsel, this court has never entered an order which would consolidate the trademark case (C81–875A) with the patent cases for trial purposes. *See* Orders of October 30, 1981, August 4, 1982, and November 1, 1982.

■ Lyle and Southern Medical also argue with respect to the three patent cases which are currently consolidated that this court should sever those cases for trial pursuant to *Federal Rule of Civil Procedure* 42(b). The basis of this motion is the assertion that Lundquist and Motion Manufacturing will be in default, and it would embarrass Lyle and Southern Medical to have to defend a case while being associated in the minds of the jury with non-interested, defaulting parties.[1] The plaintiff has opposed defendants' motion to sever on the grounds that the complaints in the three patent cases reveal a series of acts

---

**1.** The other basis proposed for this motion is that the issues are different in trademark litigation and patent litigation. As noted in the text, these issues will not be tried together, since the trademark action has never been consolidated with the patent cases for purposes of trial.

which plaintiff alleges to establish ongoing patent infringements by various combinations of the defendants. To permit severance, the plaintiff argues, would permit the present defendants to point the finger of blame at the absent defendants. In addition, plaintiff points out that since the issues in these cases are virtually identical, and that the defendants are claimed to be joint tortfeasors, it would not be economical for this court to order separate trials. The court concurs with this latter point.

As the court pointed out in its order of November 1, 1982, "... all three suits involve identical patents and infringing products. In fact, all three suits involve all of the party defendants as fact witnesses. Thus, common questions of law and fact reside in all the suits." Order of November 1, 1982, at 2. This court values expeditious resolution of litigation, and can see no purpose in requiring three separate trials with essentially the same proof and witnesses to be presented at each. The only burden which the movant has asserted in this case is the allegation that it would embarrass Lyle and Southern Medical to be associated with a non-interested defaulting party. This court has never held that Lundquist and Motion Manufacturing are in default in this case. If they are at the time of trial of this case, the court will entertain appropriate motions at the pretrial conference to minimize any "embarrassment" to Lyle and Southern Medical. At this point, however, the motion for severance is DENIED.

## C. MOTION TO DISMISS.

The final motion before this court for determination is the motion filed by defendants Lyle and Southern Medical on October 2, 1984, to dismiss this action. The basis of this motion is that the plaintiff in all three of these cases, Kinetic Concepts, Inc., does not possess a certificate of authority to conduct business in the State of Georgia, and therefore is barred from bringing suit in this state. The Official Code of Georgia, § 14–2–331(b), provides in pertinent part that:

No foreign corporation that under this chapter is required to obtain a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court of this state unless before commencement of the action it shall have obtained such a certificate.

Kinetic Concepts does not challenge the fact that it does not have a certificate of authority to transact business in the State of Georgia. Rather, Kinetic proffers a three-pronged argument for why the motion to dismiss should be denied. First, Kinetic argues that the bulk of the issues before this court are federal claims arising under federal law, and state forum-closing statutes should not prevent their resolution in federal court. Second, Kinetic argues that the motion to dismiss on this ground was not timely filed, and finally, Kinetic argues that should it be necessary for it to do so, it will present evidence that it is not "required to obtain a certificate of authority" under the Georgia statute.

■ There is substantial merit in Kinetic's position that the state forum-closing statute does not prohibit the maintenance of a federal cause of action in federal court. The United States Supreme Court has held in *Woods v. Interstate Realty Company,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), that the doctrine of *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires that where a plaintiff in federal court in a diversity case would be barred from bringing the action in state court, the federal court is likewise barred from hearing the case. In other words, in a diversity case, a plaintiff who could not sue in the state courts of the forum cannot sue in federal court. This case, obviously, does not apply to claims arising under federal law. *In Re Leeds Homes, Inc.,* 222 F.Supp. 20 (D.C.Tenn.1963), *aff'd,* 332 F.2d 648 (6th Cir.1964), *cert. denied,* 379 U.S. 836, 85 S.Ct. 71, 13 L.Ed.2d 43 (1964). Leading commentators concur with this rule. "[I]f subject matter jurisdiction is not based upon diversity of citizenship, the federal court need not apply forum state restric-

tions on a corporation's ability to sue." 6 Wright & Miller, *Federal Practice and Procedure*, § 1561, p. 735, and cases cited therein. This court concludes that with respect to plaintiff Kinetic Concept's federal law claims, Georgia's forum-closing statute does not apply.

Additional support for this view is found in the fact that these claims arise under the patent laws of the United States. Federal courts have exclusive jurisdiction over patent claims. 28 U.S.C. § 1338(a); *United States v. American Bell Telephone Company*, 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255 (1895). Thus, the policy of closing the doors to the federal courthouse when the doors to the state courthouse are not open due to operation of state law does not apply in the present case. With respect to the federal claims in this matter, the state courts of Georgia or any other non-federal forum would have had no jurisdiction to consider them. It is therefore difficult to put forward a valid basis upon which this court could defer to Georgia's forum-closing statute as to Kinetic's federal claims. As the Fifth Circuit has noted in connection with Florida's forum-closing statute:

> [S]uch provision does not limit the jurisdiction of the federal district courts in Florida. Only Congress has the prerogative of defining the jurisdiction of the lower federal courts.

*Norman M. Morris Corporation v. Weinstein*, 466 F.2d 137, 142 (5th Cir.1972). The court in *Norman M. Morris* concluded that where the district court had jurisdiction under federal statutes respecting importation of goods which bear a false designation of their origin, Florida's forum-closing statute could not limit the court's jurisdiction. This court concurs and therefore the defendants' motion to dismiss the plaintiff's federal claims is DENIED.

■ The motion to dismiss plaintiff's pendent state claims stands on a somewhat different ground. As noted above, the United States Supreme Court has held that where federal jurisdiction is based on diversity of citizenship, the court cannot entertain a claim if the courts of the forum state could not entertain the same claim. *Woods v. Interstate Realty Company*, 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524 (1949). It is settled law in this district that where the plaintiff corporation has not obtained a certificate of authority to transact business in the State of Georgia, claims which are founded on diversity of citizenship should be dismissed without prejudice. *Durkan Enterprises, Inc. v. Cohutta Banking Company*, 501 F.Supp. 350 (N.D. Ga.1980) (Tidwell, J.). On this basis, Southern Medical and Lyle have moved to dismiss plaintiff's pendent state claims. Kinetic makes two arguments in response. First, Kinetic argues that the right of the defendants to move to dismiss on this ground has been waived by virtue of its not having been included in the first answer filed in this case; and second, if the court concludes that the motion is timely, Kinetic requests additional time to demonstrate that they are not required to obtain a certificate of authority under the Georgia statute. This court finds it necessary to reach only the former of the arguments put forward by Kinetic, as the court has concluded that Southern Medical and Lyle's right to move to dismiss on this ground has been waived in this case.

In determining whether the motion to dismiss on grounds of non-registration was brought in a timely fashion, the court is guided by the decision of the Fifth Circuit Court of Appeals in *Morgan Guaranty Trust Company of New York v. Blum*, 649 F.2d 342 (5th Cir.1981). In *Morgan*, the defendant failed to assert Georgia's forum-closing statute in his original answer, and later sought leave of court to amend the answer to include that defense. The plaintiff opposed the motion to amend on the grounds that the defense was not pled in a timely fashion as a matter of federal law. The defendant argued that the non-registration defense may be raised at any time prior to judgment under the Georgia statute. *See* O.C.G.A. § 14–2–331(c). The Fifth Circuit held that the question of timeliness of the defense is subject to a two-part analysis. First, the court must determine the "nature" of the defense under

state law; and second, the court must then apply the *Federal Rules of Civil Procedure* to determine whether the defense has been waived. 649 F.2d at 344. The *Morgan* court, in applying the first test, concluded that the "nature" of the non-registration defense under Georgia law is that the defense is a "dilatory plea or plea in abatement." *Id.* at 344, citing *National Heritage Corporation v. Mt. Olive Memorial Gardens, Inc.*, 244 Ga. 240, 260 S.E.2d 1 (1979). The Fifth Circuit, noting that the phrase "dilatory plea" is somewhat unspecific, concluded that in stating that the defense is a dilatory plea, the Georgia Supreme Court intended to characterize the defense as either an affirmative defense, a question of capacity to sue or be sued, or a question of personal jurisdiction. *Id.* at 344. Rather than determining which of these three possibilities was the appropriate one, the Fifth Circuit went on to the second step of its analysis, and concluded that as a matter of federal law, the defense had been waived in *Morgan*. 649 F.2d at 345.

In utilizing the *Morgan* framework to analyze the facts of the present case, it is necessary for this court to determine which of the three possibilities outlined in *Morgan* correctly describes the non-registration defense as a matter of Georgia law. If Georgia law would characterize non-reg-

istration as an affirmative defense, then, applying federal rules of waiver, it was raised in a timely fashion in this case since it was included in a response to an amendment permitted by this court. *Funding Systems Leasing Corporation v. Pugh*, 530 F.2d 91 (5th Cir.1976) (affirmative defenses may be raised in amendments permitted by the court). If, on the other hand, the forum-closing statute is analogous under Georgia law to personal jurisdiction and other "threshold" defenses then federal law would deem it waived in the present case since it was not raised in the defendant's original answer.[2] "The personal jurisdiction defense cannot be raised in an amendment which requires leave of the court." *Morgan*, 649 F.2d at 345. *See also Glater v. Eli Lilly & Company*, 712 F.2d 735, 738 (1st Cir.1983), and cases cited therein. (Threshold defenses such as personal jurisdiction must be raised in the defendant's "first defensive move.") This court will limit its consideration of the "nature" of the non-registration defense under the *Morgan* framework to the question of whether it is an affirmative defense or a threshold defense. Although *Morgan* raised the possibility of the defense going to capacity to sue or be sued (649 F.2d at 344), the Georgia Court of Appeals has held since *Morgan* was decided that standing, unlike non-registration, is not a plea in

---

2. The defense of non-registration first appeared in this case in an answer to plaintiff's first amended and supplemental complaint. The amended complaint was filed with leave of court. Although pursuant to *Federal Rule of Civil Procedure* 15(a) the defendants were required to respond to the amended complaint, and no special leave of court was required, this court nonetheless concludes that if non-registration is a "threshold" defense, it was not raised in a timely manner under the facts of this case. Nothing in plaintiff's amended complaint revealed for the first time that Kinetic Concepts had no certificate of authority to do business in Georgia. The defendants certainly could have put forward the defense in their original answer to the original complaint. As the rule in such cases is cited by Professor Moore:

> [The purpose of the waiver rule] ... is to limit waiver under the rule to these preliminary and essentially *dilatory* defenses and objections, [and] it is to be noted that subdivision (h)(1)(B) [of Rule 12] provides for waiver if

the defense or objection is not made in the *initial responsive pleading or an amendment thereto* permitted as of course by Rule 15(a). 2A *Moore's Federal Practice 2d* ¶ 12.23, p. 2455 (1984) (emphasis added). Answering an amended complaint is not the same as amending as of course the original answer. The purpose of these rules is to make defendants put forward for resolution at the earliest date "threshold" or "preliminary" defenses. The non-registration defense in the present case could have been raised in the original answer and was not. All parties have undergone considerable expense, and to grant defendants' motion now would encourage the "sandbagging" of such defenses, a result the waiver rule exists to prevent. Therefore, the court concludes that this defense was not included in the initial responsive pleading or an amendment thereto permitted as of course, and if as a matter of Georgia law it is properly characterized as a threshold defense, the federal waiver rules would deem it waived in this case.

abatement. *Cf. National Heritage Corporation v. Mt. Olive Memorial Gardens, Inc.*, 244 Ga. 240, 260 S.E.2d 1 (1979), and *Burry v. DeKalb County*, 165 Ga.App. 246, 299 S.E.2d 602 (1983).

In analyzing the nature of a "dilatory plea" under Georgia law, the court notes that the Georgia Supreme Court has distinguished a dilatory plea from a "plea in bar." *National Heritage Corporation*, 244 Ga. at 242, 260 S.E.2d 1. The distinction between a plea in bar and a dilatory plea (or plea in abatement; the Georgia courts use those terms interchangeably), was examined in *Carter v. Solomon*, 54 Ga.App. 517, 188 S.E. 545 (1936). In *Carter*, the Georgia Court of Appeals noted that a plea in abatement is one which goes to suspend or put plaintiff's action off for the present, while a plea in bar defeats plaintiff's action absolutely and entirely. *Id. See also Theo v. National Union Fire Insurance Company*, 99 Ga.App. 342, 347, 109 S.E.2d 53 (1959). (A dilatory plea is a preliminary step in the action prior to its substantial defense, going only to defeat the right to maintain the action at the present time without contesting the merits of the action).

▉ Given the definitions utilized by the Georgia courts for a plea in abatement or a dilatory plea, the court concludes that the plea of non-registration is analogous to a threshold defense such as personal jurisdiction, rather than an affirmative defense. It is permissible for this court to analogize the Georgia statute in question in determining whether the "nature" of a defense under state law is more like an affirmative defense or more like a threshold defense. *Funding Systems Leasing Corporation, supra*, at 95. In order to engage in this type of analogy in the present case, the court has examined the waiver rules applied in Georgia courts for a plea in abate-

ment or a dilatory plea. This goes not to the ultimate issue of whether the defense was waived as a matter of federal law in this case, but goes toward the first part of the *Morgan* framework, in determining the nature of the defense under state law. Georgia law treats a plea in abatement or a dilatory plea much like the Federal Rules of Civil Procedure treat threshold defenses such as personal jurisdiction. A dilatory plea must be brought at the first term of court after the complaint is filed or it is waived. *Garrison v. McGuire*, 114 Ga. App. 665 at 666, 152 S.E.2d 624 (1966); *Funderburg v. Farr Furniture Company*, 111 Ga.App. 271 at 272, 141 S.E.2d 600 (1965); *Southern Railway Company v. Ansley*, 8 Ga.App. 325 at 328, 68 S.E. 1086 (1910); and *Realty Company v. Ellis*, 4 Ga.App. 402 at 405, 61 S.E. 832 (1908).

Indeed, Georgia law treats dilatory pleas as different from affirmative defenses. In *Gamble v. Gamble*, 204 Ga. 82 at 85, 48 S.E.2d 540 (1948), the Georgia Supreme Court held that a dilatory plea must be filed at the first term of court at which the original petition could be answered, while an affirmative defense may be raised at any time during the trial term of the court. *Id.* at 86, 48 S.E.2d 540. *See also Funderburg, supra*, 111 Ga.App. at 272, 141 S.E.2d 600. Georgia law on this point is in line with the general rule, which is that matters in abatement must be pled at the first reasonable opportunity, or they are waived. 1 C.J.S. Abatement and Revival § 193(a), p. 248. The court therefore concludes that since Georgia law draws a distinction between preliminary defenses such as pleas in abatement and affirmative defenses, the "nature" of the non-registration defense as a matter of state law is that it is like a personal jurisdiction defense under federal law.[3]

---

**3.** There is authority in this district for the proposition that the defense of non-registration under the Georgia forum-closing statute is analogous to the federal defense of lack of personal jurisdiction. *A.S. International Corp. v. Salem Carpet Mills, Inc.*, 441 F.Supp. 125 (N.D.Ga.1977) (Murphy, J.). There is also authority to the

contrary in this district, which was cited by the Fifth Circuit in *Morgan Guaranty Trust.* At footnote 2 of that opinion, the Fifth Circuit cited the Northern District of Georgia case of *McChesney Construction Co. v. Vector Company*, Civil Action No. 17073 (N.D.Ga. March 31, 1975) as standing for the proposition that the Georgia

**502**

Having determined that the defense of non-registration is analogous to a personal jurisdiction or threshold defense, the court must now apply, pursuant to *Morgan*, federal rules of waiver and timeliness to determine whether the defense has been waived in the present case. Pursuant to the Federal Rules of Civil Procedure, threshold defenses such as the absence of personal jurisdiction must be raised in the defendant's first pleading or in a pleading which is amended without requiring the leave of court. *Morgan Guaranty Trust Company of New York*, 649 F.2d at 345; *Federal Rule of Civil Procedure* 12(h)(1). *See also Glater v. Eli Lilly, supra.* The first answer filed by the moving defendants in this case was filed on June 5, 1981. The defense on which the present motion to dismiss is based was not enunciated until the defendants filed an answer to plaintiff's first amended complaint on April 2, 1982. The defense was therefore not raised in the first responsive pleading filed by these defendants, and therefore was waived.[4] Thus, the court concludes that defendants' right to move to dismiss plaintiff's state law claims on the grounds of non-registration has been waived, and the motion to dismiss on these grounds is untimely.

### D. CONCLUSION.

In summary, defendants' motion to declare Lundquist and Motion Manufacturing unrepresented is DENIED. Defendants' motion for severance is DENIED. Defendants' motion to dismiss on the grounds that plaintiff has not obtained a certificate of authority to do business in the State of Georgia is DENIED.

---

forum-closing statute is an affirmative defense. 649 F.2d 344, n. 2. In that same footnote, the Fifth Circuit cited the *Norman M. Morris* case, discussed above, as being in accord with the proposition that the non-registration defense is analogous to an affirmative defense. However, *Norman M. Morris* dealt with Florida's forum-closing statute, which the Florida courts have specifically held is an affirmative defense. 466 F.2d at 142. In the present case, Georgia courts have not held that this is an affirmative defense; rather, they have held that it is a dilatory plea

which is distinguishable from an affirmative defense as a matter of Georgia law. *See Gamble v. Gamble, supra.* The court therefore concludes that the nature of the defense under state law is that it is a threshold defense analogous to personal jurisdiction, following *A.S. International* and declining to follow the unreported opinion in *McChesney*.

**4.** *See* footnote 2, *supra.*