494 F.2d 41
 14 UCC Rep.Serv. 890
 R. N. KELLY COTTON MERCHANT, INC., Plaintiff-Appellee,
v.
Kenneth YORK, L.M. York, Hugh D. McLane and Charles Cheek,
Defendants-Appellants.
No. 73-3838 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 May 20, 1974.
 
 E. Freeman Leverett, Elberton, Ga., for defendants-appellants.
 Eugene A. Epting, Athens, Ga., for plaintiff-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellee is a cotton merchant who brought this diversity action to obtain specific performance of contracts for the sale of cotton by appellant cotton farmers. The contracts were executed in March, 1973, at a price fair at the time but much lower than that prevailing during the fall when delivery was due. The district court granted the relief sought, finding that by virtue of appellee's own contractual commitments to textile mills, to deliver cotton at prices far below then-current market prices, appellee would suffer irreparable injury if appellants failed to perform.
 
 
 2
 Appellants' principal contention is that these contracts, being for future delivery of cotton and not having been executed through a recognized commodity change, are invalid under Ga. Code Section 20-602.[1] This statute invalidates commodity futures contracts where no actual future delivery is contemplated, see Fenner & Beane v. Calhoun, 1937, 56 Ga.App. 823, 194 S.E. 51, but these are clearly not such contracts. Section 20-602 also prescribes one circumstance in which contracts for future delivery are valid despite the former prohibition on margin dealing in commodity futures.[2] However, we do not interpret this provision as being the exclusive method by which enforceable contracts for future delivery may be executed, and to so interpret it would place this statute in conflict with both the subsequently-enacted Uniform Commercial Code[3] and also commercial practices which, as shown by this record, are widely accepted in the cotton trade.
 
 
 3
 Appellants' other contentions are without merit and need not be discussed.
 
 
 4
 Affirmed.
 
 
 
 [1]
 Ga.Code Ann. 20-602 (1965):
 'Future delivery contracts of sale, when valid.-- All contracts of sale for future delivery of cotton, grain, stocks, or other commodities, (1) made in accordance with the rules of any board of trade, exchange, or similar institution, and (2) actually executed on the floor of such board of trade, exchange, or similar institution, and performed or discharged according to the rules thereof, and (3) when such contracts of sale are placed with or through a regular member in good standing of a cotton exchange, grain exchange, board of trade, or similar institution, organized under the laws of this State or any other State, shall be valid and enforceable in the courts according to their terms: Provided, that contracts of sale for future delivery of cotton, in order to be valid and enforceable as provided herein, must not only conform to the requirements of clauses (1) and (2) of this section, but must also be made subject to the provision of the United States Cotton Futures Act approved August 11, 1916, and any amendments thereto: Provided further, that if this clause should for any reason be held inoperative, then contracts for future delivery of cotton shall be valid and enforceable if they conform to the requirements of clauses (1) and (2) of this section: Provided, further, that all contracts as defined in section 20-601, where it is not contemplated by the parties thereto that there shall be an actual delivery of the commodities sold ro bought, shall be unlawful.'
 
 
 [2]
 Acts 1906, p. 95, Sec. 2, repealed by Acts 1929, p. 245 (codified as Ga.Code Ann. 20-601 et seq. (1965), provided in part:
 'Every contract or agreement, whether or not in writing, whereby any person or corporation shall agree to buy or sell and deliver, or sell with an agreement to deliver any wheat, cotton, corn or other commodity, stock, bond, or other security to any other person or corporation, when in fact it is not in good faith intended by the parties that an actual delivery of the articles or thing shall be made, is hereby declared to be unlawful . . .; it being the intent of this Act to prohibit any and all contracts or agreements for the purchase or sale and delivery of any commodity or other thing of value on margin, commonly called dealing in futures, when the intention or understanding of the parties is to receive or pay the difference between the agreed price and the market price at the time of settlement . . ..'
 
 
 [3]
 Transactions in crops are within the scope of the U.C.C., and contracts for future delivery of crops, whether presently planted or not, are contemplated. See Ga.Code Ann. 109A-2-102, 109A-2-105(1) & (2), 109A-2-107(2). Appellants do not contend that the contracts here fail to satisfy the U.C.C.'s requirements for validity