50729. A. B. R. METALS & SERVICES, INC. v. ROACH-RUSSELL, INC.

DEEN, Presiding Judge.

1. Code Ann. § 22-1401 requires that no foreign corporation shall transact business in this state prior to procuring a certificate of authority from the Secretary of State. Under Code Ann. § 22-1421(b) no such corporation

shall, prior to obtaining such certificate, commence or maintain any suit or proceeding in any court of this state. The section was amended by Ga. L. 1969, pp. 152, 196, by deleting language which would have allowed such a corporation to remedy the defect by obtaining a certificate of authority pending the action. The clear intention is to bar foreign corporations coming under this chapter (which includes most corporations generally and the appellant here) from suing a Georgia defendant until the certificate has been obtained. This action by Roach-Russell, Inc., a North Carolina corporation, was filed on September 4, 1974, and the company did not file its registration and qualify to do business until November 6, 1974. It follows that if this company was in fact transacting business in Georgia prior to November 6, 1974, the motion to dismiss on this ground is well taken.

2. The complaint in question was filed by Roach-Russell, Inc. against the appellant, charging that the latter had seized certain inventory sold to Roach-Russell by Solid Waste Equipment Co., a tenant of the defendant. Attached to the complaint was an invoice indicating the goods were purchased for resale. The invoice date was July 1, 1974. The goods were located in Atlanta, Ga., and to be held for customer pick-up. The goods were still in the warehouse on August 13, 1974, when the defendant filed its claim of lien on them for storage, alleging this service had been furnished at the instance of Solid Waste Equipment Co. which had thereafter abandoned the premises. Huddleson, president of Solid Waste, deposed that he sold a large part of his own inventory to Roach-Russell, and that he and another employee worked for Roach-Russell, which had an office in Doraville, Georgia, selling its products, and that this employment continued until the latter part of October. It is therefore clear that the plaintiff was in fact transacting business within the meaning of the statute, prior to obtaining a certificate of authority, and at the time in which this suit was filed.

The motion to dismiss was well taken and should have been sustained.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 18, 1975.

*Jeffrey L. Sakas,* for appellant.
*Gershon, Ruden, Pindar & Olim, Jay E. Lobe,* for appellee.