## 53796. ATLAS MATCH CORPORATION v. BERRY REALTY COMPANY.

BELL, Chief Judge.

Plaintiff, a Texas corporation brought this suit to recover on a contract. The case was tried by the court. At the conclusion of plaintiff's evidence, defendant's motion for dismissal was granted solely on the ground that plaintiff was transacting business within Georgia without a certificate of authority from the Secretary of State. *Held:*

No foreign corporation shall transact business in this state without obtaining a certificate of authority from the Secretary of State. Code § 22-1401(a). A foreign corporation required to obtain a certificate of authority is not permitted to maintain any suit in any Georgia court unless before commencement the required certificate has been obtained. Code § 22-1421 (b). A foreign corporation "shall not be considered to be transacting business in this State, . . . solely by reason of carrying on in this State any one or more of the following activities: . . . (6) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts, and where such contracts, do not involve any local performance other than delivery and installation." Code § 22-1401 (b) (6). While the evidence reveals that plaintiff did not obtain the certificate of authority, it was shown without contradiction that plaintiff employed four sales persons in Georgia for the purpose of soliciting orders within this state; that the orders were accepted in Texas and not in Georgia; that it does not manufacture, warehouse, bank, bill or ship any merchandise within Georgia; and that it did maintain an office for these salesmen to conduct their solicitation activity. This evidence demands the conclusion that the plaintiff was not transacting business within the state and thus could maintain this suit in a Georgia court. The trial court erred in granting defendant's motion.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED APRIL 5, 1977 — DECIDED JUNE 20, 1977.

*Zusmann, Sikes, Pritchard & Cohen, Jay I. Solomon,* for appellant.

*Howard, Wiggins & Smith, James B. Howard, Jr.,* for appellee.