**A. S. INTERNATIONAL CORP.**

v.

**SALEM CARPET MILLS, INC.**

**Civ. A. No. C76–63R.**

United States District Court,
N. D. Georgia,
Rome Division.

Nov. 10, 1977.

James D. Maddox, Smith, Shaw, Maddox, Davidson & Graham, Rome, Ga., for plaintiff.

Frank M. Gleason, Rossville, Ga., for defendant.

## ORDER

MURPHY, District Judge.

This case arises from the alleged failure of the defendant to fulfill its contractual

obligations. The complaint includes allegations that jute carpet backing cloth was delivered but not paid for and ordered but not accepted. Jurisdiction is established by 28 U.S.C. § 1332.

The complaint was originally filed in the United States District Court for the Southern District of New York. Defendant sought to dismiss the action on the grounds that the court lacked jurisdiction over the defendant and that service was improper. In the alternative, defendant sought a transfer to this court. Constance Baker Motley, United States District Judge, held that the Southern District of New York had no jurisdiction over the defendant. The case was transferred by order of that court to the Northern District of Georgia.

On June 1, 1976, the parties entered a stipulation that the United States District Court for the Northern District of Georgia had jurisdiction over the action and that venue was properly placed in the Rome Division. The case is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction.

1. The focus of defendant's motion to dismiss is the provisions of the Georgia Code concerning foreign corporations. As provided in Ga. Code Ann. § 22–1401(a):

> No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State . . .

The Code also provides sanctions against a corporation which fails to procure a certificate of authority to do business. As provided in Ga. Code Ann. § 22–1421(b):

> No foreign corporation that is required to obtain a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate.

 The parties have entered a stipulation that the United States District Court for the Northern District of Georgia has jurisdiction over this action. However, it is clear that jurisdiction of the subject matter may not be set by agreement of the parties. *United States v. Griffin,* 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764 (1937); *Sedivy v. Richardson,* 485 F.2d 1115 (3d Cir. 1973). The issue for the court necessarily becomes whether Ga. Code Ann. § 22–1421(b) concerns the court's subject matter jurisdiction. Although it is clear that this court is bound by this statute, defendant has been unable to conclusively demonstrate that the failure of a foreign corporation to secure the appropriate certification removes this court's subject matter jurisdiction. The statute in question may as easily be characterized as relevant to standing or personal jurisdiction. As noted below, exceptions to this statute have been recognized, and it is appropriate to invoke one here to permit a continuation of the litigation.

There are three methods by which a corporation which is not certified to transact business in the state but which is actually doing business may avoid the statutory proscription on its right to file suit in Georgia. First, the corporation may qualify under the statutory exceptions of Ga. Code Ann. § 22–1401. The statute contains a non-exclusive list of twelve activities which do not constitute transacting business within the State. Plaintiff contends that one of these is of particular relevance here:

> (6) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts, and where such contracts do not involve any local performance other than delivery and installation.

Plaintiff maintains an agent for procuring orders and stores goods for delivery on these orders within the State. Occasionally, goods were stored in Georgia for which no prior orders had been secured. Georgia courts have been rather liberal in permitting foreign corporations to proceed under this exception, see *Atlas Match Corporation v. Berry Realty Company,* 142 Ga.App. 588, 236 S.E.2d 554 (1977), and this exception alone may be sufficient to permit a continuation of this litigation.

■ Second, the statute may not be enforced if it would unreasonably burden interstate commerce. *York Manufacturing Company v. Colley*, 247 U.S. 21, 38 S.Ct. 430, 62 L.Ed. 963 (1918); *Fred Hale Machinery, Inc. v. Laurel Hill Lumber Co.*, 483 F.2d 58 (5th Cir. 1973). This is also an enumerated exception to the obligation to seek a certificate to do business under Ga. Code Ann. § 22–1401(b)(9). Plaintiffs have failed to allege sufficient impact on interstate commerce to warrant a refusal to enforce the sanctions of Ga. Code Ann. § 22–1421(b) against them, however.

■ Third, Ga. Code Ann. § 22–1421(b) may not be enforced when plaintiff has been forced to pursue its case in a jurisdiction not of its own choosing. An estoppel arises to defeat the inequitable intent of a party which results in a detrimental change of position by another. See, *Glenn v. State Farm Mutual Automobile Insurance Co.*, 341 F.2d 5 (10th Cir. 1965).

> Equitable estoppel is an established principle of Georgia law and arises where a party has so acted that he has by his conduct either gained some advantage for himself or caused some disadvantage to another by reason of which it would be contrary to equity and good conscience to permit him to allege and prove the truth. *Levy v. Empire Insurance Company*, 379 F.2d 860.

An estoppel must arise in this case because transfer was made into Georgia at the express request of the defendant. Defendant had the case transferred to Georgia and stipulated the propriety of venue and jurisdiction in the Northern District. The Fifth Circuit and the Northern District have clear policies encouraging a decision on the merits in lieu of a disposition on the basis of legal technicalities. See, *Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5 (5th Cir. 1970); *Georgia Power Project v. Georgia Power Co.*, 409 F.Supp. 332 (N.D.Ga.1975). It would be both inequitable and inconsistent with the above cases to utilize Ga. Code Ann. § 22–1421(b) to dismiss this case.

2. Defendant seeks an order compelling plaintiff to recast his complaint. Defendant contends that discovery has disclosed there was no identification of the jute to the contract defendant is alleged to have breached. Defendant seeks a reduction of plaintiff's claims by the amount of resale of the jute and by the storage costs saved by the resale.

The Federal Rules require only a short and plain statement of a party's claim. Rule 8(a), Federal Rules of Civil Procedure. In its motion defendant has demonstrated the requisite notice of the claim asserted against it. Defendant's contentions are merely potential defenses of which plaintiff is not required to take cognizance in its complaint.

3. Accordingly, the motion to dismiss is DENIED. The motion to require a supplemental complaint is DENIED.

SO ORDERED, this the 10th day of November, 1977.