**DURKAN ENTERPRISES, INC.**

v.

**COHUTTA BANKING COMPANY, a Corporation of the State of Georgia, W. H. Whitley, Jerry L. Holmer, Randy A. Gordon, Robert L. Mcentire, W. W. Fincher, Jr., J. Tucker Brown, William Keith, Ralph England, and Cumberland Carpet Company, a Corporation of the State of Georgia.**

Civ. A. No. C80–755A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 10, 1980.

Jonathan Marks, New York City, for plaintiff.

A. Felton Jenkins, Jr., King & Spalding, Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

The above–styled diversity matter is an action for wrongful repossession of certain equipment, malicious interference with business relations, and for malicious conspiracy to ruin the plaintiff's business in Georgia. Durkan Enterprises, Inc. ("Durkan"), a New York corporation with its principal place of business in New York, began making contractual commitments for the manufacture of carpets in Georgia in 1971. Durkan continued the process of having carpets manufactured in the Dalton–Chatsworth, Georgia area on a commission basis through various independent contractors until the fall of 1976 when Durkan purchased a carpet manufacturing plant in Chatsworth, Georgia. The purchase was financed by the Cohutta Banking Company. In April, 1978 a certain piece of tufting machinery was purchased with the proceeds of a loan from Cohutta to defendant Ralph England. Cohutta retained a security interest in the tufting machine which was used by Durkan and housed in its Chatsworth plant. This machine was repossessed in December, 1979 allegedly damaging the plaintiff's business and precipitating the filing of the instant action.

The complaint in this matter was filed in the United States District Court for the Southern District of New York on January 17, 1980. Subsequently, the Georgia defendants moved to dismiss the complaint for lack of personal jurisdiction. The United States Small Business Administration, initially a defendant, also moved for dismissal, or in the alternative, to transfer the action for improper venue. By stipulation of the plaintiff and the Small Business Administration, the Small Business Administration was dismissed without prejudice in April, 1980. Over the opposition of the

Georgia defendants, the district court granted the plaintiff's motion to transfer the case to this district by order dated April 17, 1980.

■ The matter is currently before the court on the defendants' motion to dismiss this action or, in the alternative, grant summary judgment on the grounds that the plaintiff, a foreign corporation, did not obtain a certificate of authority to transact business in Georgia as required by *Ga.Code Ann.* § 22–1401 prior to commencing this action in violation of *Ga.Code Ann.* § 22–1421(b). It is undisputed that Durkan did not obtain a certificate of authority to transact business in Georgia until September 18, 1980, after the defendant's motion to dismiss was filed. The plaintiff does not dispute that it is required to comply with *Ga.Code Ann.* § 22–1421(b) when the basis for federal jurisdiction is diversity and the venue lies in a Georgia federal court. *See A. S. International Corp. v. Salem Carpet Mills, Inc.,* 441 F.Supp. 125 (N.D.Ga.1977); *R. N. Kelly Cotton Merchant, Inc. v. York,* 379 F.Supp. 1075 (M.D.Ga.1973), *aff'd,* 494 F.2d 41 (5th Cir. 1974). Even where a case is originally filed in another district but is transferred to Georgia, as in the instant case, a foreign corporation must obtain a certificate of authority to transact business in Georgia prior to commencing the action unless that corporation is not required to obtain a certificate of authority under *Ga. Code Ann.* § 22–1401, the enforcement of the requirement would unreasonably burden interstate commerce, or the plaintiff has been "forced to pursue its case in a jurisdiction not of its own choosing." *A. S. International Corp., supra* at 126–27.

■ The plaintiff has failed to show that it fits within any of the statutorily enumerated exceptions to the certificate of authority requirement and the fact that the plaintiff was actually conducting a manufacturing operation within the State immediately prior to the commencement of this action indicates that the plaintiff was transacting business within Georgia. *Ga.Code Ann.* § 22–1401; *DeKalb Cablevision Corp. v. Press Association, Inc.,* 141 Ga.App. 1, 232

S.E.2d 353 (1977); *A. B. R. Metals & Services, Inc. v. Roach–Russell, Inc.,* 135 Ga. App. 193, 217 S.E.2d 447 (1975). Although the plaintiff contends that any activity in which it was engaged in Georgia was just "a link in an unbroken chain of interstate sales transactions", the allegations of the complaint demonstrate that this entire action is based on a local manufacturing operation which the plaintiff itself conducted in Georgia and the business relations between the plaintiff and the defendants in connection with that operation. Moreover, the allegedly unlawful conduct ascribed to the defendants is "malicious interfer[ence] with the business relationships of the plaintiff ... for the purposes of driving [it] ... *out of business in the State of Georgia*", Complaint, Count I, ¶ 36 (emphasis added). *Accord.* Count IV, ¶ 4 and Count V, ¶ 6. Under these circumstances, the plaintiff's contentions that its Georgia transactions were primarily interstate in nature are without merit. *Eli Lilly & Co. v. Sav–On–Drugs, Inc.,* 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961).

■ Alternatively, the plaintiff contends that the defendants should be estopped from contesting their ability to maintain an action in Georgia because the plaintiff initially sought to maintain the action in New York. As stated earlier, transfer of a case to Georgia does not relieve the plaintiff of its obligation to comply with *Ga.Code Ann.* § 22–1421. *A. S. International Corp. v. Salem Carpet Mills, Inc.,* 441 F.Supp. 125 (N.D.Ga.1977). Further, it was the plaintiff in the instant action who sought the change of venue. Thus, the instant case is unlike the situation in *A. S. International Corp.,* where the defendant requested the transfer and stipulated that venue was proper. *Id.* at 127. Additionally, the fact that the plaintiff has subsequently obtained a certificate of authority to transact business in Georgia is of no help to the plaintiff because *Ga.Code Ann.* § 22–1421(b) was amended in 1969 to delete previous language which permitted a foreign corporation to obtain a certificate after the commencement of the action. 1969 *Ga.Laws,* p.

152. Because the plaintiff failed to obtain a certificate of authority and has not demonstrated that it falls within an exception to this requirement, the plaintiff is barred from maintaining the instant action, *A. B. R. Metals & Services, Inc. v. Roach–Russell, Inc.*, 135 Ga.App. 193, 217 S.E.2d 447 (1975); however, any dismissal for failure to comply with *Ga.Code Ann.* § 22–1421 must be without prejudice, *National Heritage Corp. v. Mount Olive Memorial Gardens, Inc.*, 244 Ga. 240, 260 S.E.2d 1 (1979).

Accordingly, for the foregoing reasons, the defendants' motion to dismiss is hereby granted and sustained and the complaint is hereby dismissed, without prejudice.