MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Plaintiff-Appellee,

v.

Peter E. BLUM, et al., Defendants,

Peter E. Blum, Defendant-Appellant.

No. 79–2031.

United States Court of Appeals, Fifth Circuit. Unit B

July 2, 1981.

Robert N. Meals, A. Lee Parks, Jr., Atlanta, Ga., for defendant-appellant.

Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., Paul Oliver, Atlanta, Ga., for plaintiff-appellee.

Before MORGAN, ANDERSON and THOMAS A. CLARK, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

The appellant appeals from the entry of summary judgment in favor of the appellee, Morgan Guaranty Trust Company of New York ("Morgan"), in a suit on a note. The suit was filed on December 9, 1975, and in his original answer the appellant raised a number of defenses and two counterclaims. Thereafter, the parties proceeded with discovery. The period of discovery expired on June 22, 1977, and on August 5, 1977, Morgan filed its motion for summary judgment. On December 19, 1977, more than two years after the complaint was filed, the appellant sought leave to amend his answer to raise three additional defenses relating to the Georgia corporate qualification statute, Ga. Code Ann. § 22–1421 (1977). The district court referred the motions to a special master who recommended granting Morgan's motion for summary judgment and denying the motion to amend the answer. The district court followed the recommendations of the special master. We affirm.

## I.

The first issue raised on appeal was whether the district court erred in denying appellant's motion for leave to amend his answer to assert defenses under the Geor-

gia corporation qualification statute. A resolution of this issue depends upon the nature of the defenses to be raised. The defenses relate to the following statutory provision:

(b) No foreign corporation that under this Code is required to obtain a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate. Nor shall any action, suit or proceeding be maintained in any court of this State by any foreign corporation that is the successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this State unless before commencement of the action a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

(c) The failure of a foreign corporation to obtain the certificate of authority to transact business in this State shall render voidable any contract of such foreign corporation arising out of business transacted in Georgia at the instance of any other party to such contract, but such voidability may be cured by the foreign corporation obtaining a certificate of authority provided such certificate of authority is obtained prior to final judgment in any action wherein this subsection is relied upon. The failure of such foreign corporation to obtain a certificate of authority shall not prevent such corporations from defending any action, suit or proceeding in any court of this State nor shall any party avail himself of the benefit of subsection (b) of this section except upon motion prior to judgment.

Ga.Code Ann. § 22–1421(b) and (c). The defense that the note is voidable, § 22–1421(c), has been cured by Morgan having obtained a certificate before entry of final judgment. Appellant maintains that the "door-closing" portion of the statute, § 22–1421(b), remains a viable defense because obtaining the certificate is a condition precedent to filing suit. *See A.B.R. Metals & Services, Inc. v. Roach-Russell, Inc.,* 135 Ga.App. 193, 217 S.E.2d 447 (1975). For our purposes, we shall assume that Morgan was required to obtain a certificate of authority to transact business in Georgia,[1] and that it failed to do so before filing suit.

Morgan maintains that the defenses under § 22–1421 must be specifically pleaded under the Federal Rules of Civil Procedure and the district court did not abuse its discretion by denying appellant's motion to amend his answer to set forth the defenses. Appellant argues that the defense need not be pleaded at all because the express terms of the Georgia statute permit it to be raised by "motion prior to judgment." Ga.Code Ann. § 22–1421(c).

In diversity of citizenship actions, state law defines the nature of defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs. *See Funding Systems Leasing Corp. v. Pugh,* 530 F.2d 91 (5th Cir. 1976); *Seal v. Industrial Electric, Inc.,* 362 F.2d 788 (5th Cir. 1966). The Georgia Supreme Court has characterized a defense under § 22–1421(b) as a dilatory plea or plea in abatement. *National Heritage Corp. v. Mount Olive Memorial Gardens, Inc.,* 244 Ga. 240, 260 S.E.2d 1 (1979). In the absence of a more specific definition, we believe that the defense is either an affirmative defense, Fed. R.Civ.P. 8(c),[2] a question of capacity to sue

---

1. Morgan's business activities in Georgia may fall within one or more statutory exemptions from the requirement that a foreign corporation must obtain a certificate of authority. *See, e. g.,* Ga.Code Ann. § 22–1401(b)(7) (1977) ("Making loans or creating or acquiring evidences of debt, mortgages or liens on real or personal property, or recording same" is exempt from the requirement). The district court did not base its decision on any exemptions. Because we hold for Morgan on other grounds, we also do not reach that issue.

2. In *McChesney Construction Co. v. Vector Co.,* C.A.No. 17073 (N.D.Ga., Mar. 31, 1975), an unreported decision, the district court characterized § 22–1421(b) as an affirmative defense and held that it must be pleaded or be deemed

or be sued, Fed.R.Civ.P. 9(a), or a question of personal jurisdiction, Fed.R.Civ.P. 12(b)(2).[3] All affirmative defenses must be specifically pleaded in the answer or in an amended answer permitted under Fed.R. Civ.P. 15(a), or be deemed waived. *See Funding Systems Leasing Corp. v. Pugh, supra;* Fed.R.Civ.P. 8(c). Likewise, any party who wishes to raise an issue of the capacity of any party to sue or be sued must "do so by specific negative averment" in the appropriate pleading or amendment or be deemed waived. *See* Fed.R.Civ.P. 9(a); 5 C. Wright & A. Miller, *Federal Practice & Procedure,* § 1295 (1969). Finally, if the defense is a matter of personal jurisdiction, it has been waived by the appellant's failure to raise the defense in a Rule 12(b)(2) motion, or in his answer or

amendment thereto permitted by Rule 15(a) to be made as a matter of course. The personal jurisdiction defense cannot be raised in an amendment which requires leave of the court. Fed.R.Civ.P. 12(h)(1). We conclude that the defense at issue is one of the foregoing three; we need not decide which, because the defense has been waived regardless of which it is.

■ Assuming that the defense is one of the two which is capable of being raised in an amendment with leave of court, we must now determine whether the district court abused its discretion in denying the appellant's leave to amend his answer to assert the defense. We have reviewed the record and conclude, for the reasons assigned by the court below,[4] that the district court did

---

waived. *Accord Norman M. Morris Corp. v. Weinstein,* 466 F.2d 137 (5th Cir. 1972), where this court held that a similar Florida corporate qualification statute was an affirmative defense which must be pleaded under Rule 8(c).

**3.** In *A.S. International Corp. v. Salem Carpet Mills, Inc.,* 441 F.Supp. 125 (N.D.Ga.1977), the district court stated that § 22–1421(b) may "be characterized as relevant to standing or personal jurisdiction." *Id.* at 126.

We do not believe that the failure to obtain a certificate of authority deprives the district court of subject matter jurisdiction so that the objection may be raised at any time and in any manner. First, the statute itself suggests the defense is cut off if not raised prior to judgment. Second, when faced with a similar question concerning Florida's corporate qualification law, this court held that "[s]uch provision does not limit the jurisdiction of the federal district court in Florida. Only Congress has the prerogative of defining jurisdiction of the lower federal courts." *Norman M. Morris Corp. v. Weinstein,* 466 F.2d 137, 142 (5th Cir. 1972). *See also A.S. International Corp. v. Salem Carpet Mills, Inc.,* 441 F.Supp. 125 (N.D. Ga.1977) (failure of corporation to obtain a certificate of authority to transact business does not deprive federal district court sitting in Georgia of subject matter jurisdiction).

**4.** The district court found the following factors relevant to its decision to not permit the amendment:

1. All of the depositions which have been taken in this case were taken in June and July, 1976.
2. All written discovery which was conducted in this case was concluded in October, 1976.

3. The period in which discovery in this case could be conducted under Local Rule 181.1 expired, after several extensions, on June 22, 1977.
4. All of the facts upon which Spielberger bases his counterclaims were of necessity within his knowledge and the knowledge of his counsel at the time the original responsive pleadings were filed. Similarly, Blum and the other Borrowers were aware at the time the original responsive pleadings were filed of Morgan Guaranty's activities in Georgia with respect to the specific loans involved in this case. *See LDH Properties, Inc. v. Morgan Guaranty Trust Company,* 145 Ga. App. 132, 135, 243 S.E.2d 278 (1978). But even if it is assumed that the newly asserted counterclaims and defenses are based upon facts obtained through discovery, it is obvious that the Borrowers were aware of those facts no later than October 1976 at the conclusion of discovery, and that was at least a year prior to the motions to amend and seven months prior to the expiration of the discovery period.
5. Neither Spielberger nor Blum has offered any explanation of the delay in asserting the additional defenses and counterclaims.
6. Extensive discovery concerning the issues raised in the original pleadings was conducted by the parties. In reliance thereon, Morgan Guaranty filed a Motion for Summary Judgment. That motion was supported by a 56-page brief which addressed each of the 14 affirmative defenses and two counterclaims raised by the original pleadings.
7. Spielberger and Blum first sought to assert their Amended Answers in October, 1977, in response to Morgan Guaranty's Motion for Summary Judgment.

Record, Vol. IV at 928, quoting Report of the Special Master.

not abuse its discretion under Fed.R.Civ.P. 15(a) in denying the motion for leave to amend.

## II.

As to the remainder of the issues on appeal, we affirm on the basis of the reasoning of the court below.[5]

AFFIRMED.

In addition, the district court held that the proposed amendment would "effect a radical modification of the controversy [and] also threatens serious prejudice to Morgan." Vol. IV at 930. Specifically, the new defenses would require additional discovery and preparation and thereby delay a disposition of the case on the merits. *See Izaak Walton League of America v. St. Clair*, 497 F.2d 849 (8th Cir.), *cert. denied*, 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974); *Wainwright v. Kraftco Corp.*, 58 F.R.D. 9 (N.D.Ga.1973); 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1488 (1971).

5. We need not quote portions of the unpublished opinion below relevant to these issues since they have no precedential value.