Affirmed and Memorandum Opinion filed September 7, 2004









Affirmed
and Memorandum Opinion filed September 7, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00395-CV

____________

 

VELCO
CHEMICALS, INC., Appellant

 

V.

 

POLIMERI
EUROPA AMERICAS, INC. F/K/A ENICHEM AMERICAS, INC., Appellee

____________________________________________________________

 

On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 01-10878

____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Velco Chemicals, Inc.
appeals because the trial court denied its special appearance, which it filed
after a federal court remanded the case for lack of complete diversity.  While in federal court, Velco answered and
counterclaimed, admitting the jurisdictional allegations of appellee Polimeri
Europa Americas, Inc. f/k/a Enichem Americas, Inc.  Velco never objected to the court=s
jurisdiction over it.  We hold that Velco=s actions
in federal court waived its objection to personal jurisdiction in the Texas
state court, and we therefore affirm the trial court=s
judgment.








FACTUAL AND PROCEDURAL BACKGROUND

Velco is a Delaware corporation
with its principal place of business in New York.  EniChem is a Delaware corporation with its
principal place of business in Houston, Texas. 
EniChem sued Velco for failing to pay two of three invoices for
shipments of a chemical known as Tedimon 31. 
Thereafter, Velco removed the case to the United States District Court
of the Southern District of Texas, alleging diversity of citizenship.  Shortly after removing the case, Velco
answered and counterclaimed in federal court. 
Velco neither objected to personal jurisdiction nor moved to dismiss for
lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b).  Instead, in its answer, Velco admitted
EniChem=s
allegations that Velco was subject to personal jurisdiction in Texas.  

Four months later, the federal
court, finding that complete diversity was lacking, remanded the case to the
trial court.  Velco then filed a special
appearance, supported by the affidavit of its chief executive officer.[1]  The trial court overruled the special
appearance.  

Once the court had the case
before it on the merits, it resolved all issues favorably to EniChem.  Velco then appealed the trial court=s order
denying its special appearance.

DISCUSSION AND ANALYSIS

1.         The
Standard of Review and Applicable Law








Whether a court has personal
jurisdiction over a defendant is a question of law.  Am. Type Culture Collection, Inc. v. Coleman,
83 S.W.3d 801, 805B06 (Tex.
2002), cert. denied, 537 U.S. 1191 (2003); BMC Software Belg., N.V.
v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).  On appeal, we review de novo the trial court=s order
granting or denying a special appearance. 
Coleman, 83 S.W.3d at 806; Marchand, 83 S.W.3d at
794.  When no findings of fact are
issued, we must presume the trial court resolved all factual disputes in favor
of its judgment.  Coleman, 83
S.W.3d at 806; Marchand, 83 S.W.3d at 795.

A nonresident defendant objects
to a Texas court=s
exercise of jurisdiction over it by filing a special appearance under Rule 120a
of the Texas Rules of Civil Procedure.  See
Tex. R. Civ. P. 120a(2).  The special appearance must strictly comply
with Rule 120a, Shapolsky v. Brewton, 56 S.W.3d 120, 140 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied), and must be made and determined on sworn
motion before any other plea, pleading, or motion that seeks affirmative
relief.  Tex. R. Civ. P. 120a(1), (2).

A defendant may waive its right
to object to a court=s
exercise of personal jurisdiction over it. 
See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14
(1985); Shapolsky, 56 S.W.3d at 140. 
It does this by making a general appearance before the court.  A party enters a general appearance whenever
it invokes the judgment of the court on any question other than the court=s
jurisdiction; if a defendant=s act
recognizes that an action is properly pending or seeks affirmative relief from
the court, then that is a general appearance. 
See Dawson‑Austin v. Austin, 968 S.W.2d 319, 322 (Tex.
1998), cert. denied, 525 U.S. 1067 (1999) (noting test for general
appearance is whether party requests affirmative relief inconsistent with
assertion that the district court lacks jurisdiction); Von Briesen, Purtell
& Roper, S.C. v. French, 78 S.W.3d 570, 575 (Tex. App.CAmarillo
2002, pet. dism=d w.o.j.)
(AAny
answer or other appearance before judgment is a general appearance unless it is
made a >special
appearance= for the purpose of challenging
the trial court=s
jurisdiction over the party.@).  Thus, filing an answer and counterclaim
before a special appearance is filed and ruled on constitutes a general
appearance that waives a special appearance. 









In federal court, a defendant
preserves his objection to jurisdiction in much the same way.  There, a defendant must either move to
dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure
12(b)(2) before pleading, or object to personal jurisdiction in its responsive
pleading.  See Fed. R. Civ. P. 12(b), 12(h)(1); see
also Morgan Guar. Trust Co. v. Blum, 649 F.2d 342, 345 (5th Cir. Unit B
July 1981) (objection to lack of personal jurisdiction is waived by failure to
raise it in Rule 12(b)(2) motion or in answer or amendment permitted by Rule
15(a) as a matter of course). 
Additionally, if a defendant wants to amend its answer to include a
personal jurisdiction objection, it must comply with the requirements of Federal
Rule of Civil Procedure 15(a), which provides the following in relevant part:

A party may amend the
party=s pleading once as a
matter of course at any time before a responsive pleading is served or, if the
pleading is one to which no responsive pleading is permitted and the action has
not been placed upon the trial calendar, the party may so amend it at any time
within 20 days after it is served. 
Otherwise a party may amend the party=s pleading only by leave
of court or by written consent of the other party.

 

Fed. R. Civ. P. 15(a).  The Blum court specifically held that
a personal jurisdiction defense cannot be raised in an amendment that requires
leave of court.  Blum, 649 F.2d at
345.  Therefore, if a defendant wishes to
amend its answer to include an objection to personal jurisdiction, it must do
so before the expiration of time in which the rules allow amendment as a matter
of course.  We turn now to the specific
facts of this case.

2.         Velco Appeared and Judicially Admitted that Personal
Jurisdiction Existed

Here, after the case was removed
to federal court, Velco answered and sought affirmative relief in its
counterclaim for breach of contract.  It
did not object to the federal court=s
jurisdiction over it, either by a Rule 12(b) motion before it answered or in
its answer.  It also never sought to
amend its answer to object to personal jurisdiction while it could have done so
without leave of court.  See Fed. R. Civ. P. 15(a).

Velco contends it never had the
opportunity to amend, arguing that it would have moved to transfer the case to
New York and would have amended had the case not been remanded.  But Velco cannot ignore Rules 12(b) and 15(a).  That Velco did not amend is important because
in its answer it also judicially admitted that the exercise of personal
jurisdiction over it was appropriate.  








Velco=s
admissions in its federal court answer, highlighted here for emphasis, include
the following:

[Allegation II.3:] . . .
The Defendant has been engaged in business in Texas, does not maintain a
regular place of business in Texas, is required to designate or maintain a
resident agent and has not done so, and the present cause of action arose
out of activities Defendant conducted in Texas. . . . 

Answer to Paragraph II-3.  Velco Chemicals, Inc. admits the
allegations contained in paragraph II-3, with the qualification that the
defendant is not required to designate or maintain a resident agent.  

[Allegation III.5]  This Court has personal jurisdiction over
the Defendant pursuant to Chapter 17 of the Texas Civil Practice and Remedies
Code because Defendant has conducted business in this state.

Answer to
Paragraph III-5.  Velco
Chemicals, Inc. admits the allegations contained in paragraph III-5.

Admissions in live pleadings are regarded as
formal judicial admissions in the case in which that pleading is filed.  See Holy Cross Church of God in Christ v.
Wolf, 44 S.W.3d 562, 568 (Tex. 2001); DowEnlanco v. Benitez, 4
S.W.3d 866, 871 (Tex. App.CCorpus
Christi 1999, no pet.).  A
judicial admission that is clear and unequivocal has conclusive effect and bars
the admitting party from later disputing the admitted fact.  Wolf, 44 S.W.3d at 568. This rule is
based on the public policy that it would be unjust to permit a party to recover
after he has sworn himself out of court by clear, unequivocal testimony.  DowElanco, 4 S.W.3d at 871.








Velco contends that its admission
of personal jurisdiction should not be given conclusive effect because it is
equivocal and not a material admission. 
Velco contends the admission is equivocal because it conflicts with
Velco=s attempt
to secure federal subject-matter jurisdiction based on diversity of
citizenship.  But the only allegations Velco
made to support diversity were that it is a Delaware corporation and a citizen
of New York, and it is not a citizen of Texas. 
Nothing in these statements is inconsistent with an allegation of
diversity or the assertion of personal jurisdiction here.  Velco asserts the admissions were not material
because the jurisdictional allegation in EniChem=s
petition was not a material part of the federal suit, had no impact on federal
jurisdiction, and was not part of any argument to the federal court.  However, a federal court must have both
personal jurisdiction and subject matter jurisdiction to preside over a
case.  See Ins. Corp. of Ireland, Ltd.
v Compagnie des Bauxites de Guinee, 456 U.S. 694, 701B02 (1982)
(AThe
validity of an order of a federal court depends upon that court=s having
jurisdiction over both the subject matter and the parties.@); SII
MegaDiamond, Inc. v. Am. Superabrasives Corp., 969 P.2d 430, 437 (Utah
1998) (AA federal
court sitting in diversity can render a valid judgment only if the state in
which it sits would have had personal jurisdiction over the defendant.@).  Thus, contrary to Velco=s
assertion, the issue of a court=s
personal jurisdiction over a defendant is material to the federal court sitting
in diversityCindeed, it is essential to the
court=s
exercise of jurisdiction.   

Next, Velco contends that the
admissions are statements from another case, not the same case, and argues that
pleadings from another case that are inconsistent with a party=s
position in a present action are merely quasi-admissions, which are not
conclusive.  See DowElanco v. Benitez,
4 S.W.3d at 871.  First, we disagree that
the removed action became Aanother
case@ separate
and distinct from the present case, and we note that Velco cites no authority
to support its contention.  When removal
occurs, the federal court merely takes up the same case where the state court
left off.  See Granny Goose Foods,
Inc. v. Bd. of Teamsters, 415 U.S. 423, 436 (1974).  EniChem=s
petition in the state court action became its operative pleading in the federal
court after removal, and upon remand, the case was returned to the same state
court with the same parties, the same attorneys, the same claims, and the same
cause number.








Even if we were to conclude that
Velco=s
admissions were merely quasi-admissions, Velco=s
arguments would still fail.  A
quasi-admission is treated as a judicial admission when it appears: (1) the
declaration was made during the course of a judicial proceeding; (2) the
statement is contrary to an essential fact embraced in the declarant=s theory
of recovery or defense; (3) the statement is clear and deliberate, and not a
mistake; (4) giving conclusive effect to the admission will not be contrary to
the public policy on which the rule is based; and (5) the statement is not
destructive of the offering party=s theory
of recovery.  DowEnlanco, 4 S.W.3d
at 871; see also Daimler-Benz Aktiengesellschaft v. Olson, 21 S.W.3d
707, 719 (Tex. App.CAustin
2000, pet. dism=d
w.o.j.), cert. denied, 535 U.S. 1077 (2002).

Velco argues that its statements
do not satisfy the third and fourth requirements because they were Ainadvertent,@ were not
probative of any issue in the federal litigation, had no impact on federal
jurisdiction, and were not part of any argument to the federal court.

First, we find nothing
inadvertent about its admissions.  Our
review of the procedural history of the case convinces us that Velco=s
admission was designed to support the federal court=s
jurisdiction so that it could act on Velco=s
admitted intention to transfer the case to New York.  Velco never took any steps contrary to the
admission, such as filing a motion contesting personal jurisdiction before
filing its answer, or including an objection to personal jurisdiction in its
answer, or seeking a timely amendment to include an objection.  Velco=s
assertion of a counterclaim for affirmative relief in the federal court further
demonstrates that it did not object to the federal court=s exercise
of jurisdiction over it.  Thus, we find
that Velco=s admission of personal
jurisdiction satisfies the third requirement for holding that a quasi-admission
rises to the level of a judicial admission.








Second, we find that giving
conclusive effect to the admission is consistent with the policy that a party
should not be allowed to prevail on its assertions after clearly negating those
assertions before a judicial tribunal. 
Accordingly, even assuming Velco=s
admission of personal jurisdiction was only a quasi-admission, it nevertheless
satisfies the requirements for finding a judicial admission.  See DowElanco, 4 S.W.3d at 871
(holding that defendant=s
statement admitting plaintiff=s
jurisdictional allegations in federal court action constituted judicial
admission in later state court action after federal was case dismissed for lack
of complete diversity); Olson, 21 S.W.3d at 719B20
(holding that manufacturer=s
allegations in federal court petition regarding extensive use of trademarks and
service marks in Texas that were contrary to stipulations in state court action
constituted judicial admissions supporting denial of special appearance).

CONCLUSION

We hold that Velco waived its
objection to the trial court=s
personal jurisdiction when it answered and counterclaimed in federal court
without objecting to the court=s
jurisdiction over it.  Therefore, the
trial court properly denied Velco=s special
appearance.

Finding no reversible error, the
judgment of the trial court is affirmed.

 

/s/        Wanda McKee Fowler

Justice

 

Judgment rendered and Memorandum Opinion filed September 7, 2004.

Panel consists of Justices Fowler, Edelman, and Seymore.

 

 











[1]  In the affidavit, the officer
stated that Velco has never been a resident or citizen of Texas; it does not
own any property in Texas; it has never entered into any contracts with any
Texas citizen or resident or business to perform services or sell products in
Texas; it does not now nor has it ever maintained a place of business in Texas
or ever had an agent for service of process in Texas; it has never been
required to maintain a registered agent for service in Texas; it has never
committed any tort, in whole or in part, within the state of Texas; it nas no
employees, servants, or agents within the state of Texas; and A[o]ther than purchase products sold
from the state of Texas,@ it does not do business in
Texas.