Richard CICCOTELLI and Maureen Mason, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. EP–07–CV–334–PRM.

United States District Court, W.D. Texas, El Paso Division.

April 16, 2008.

David P. Leeper, David P. Leeper, Attorney at Law, P.C., El Paso, TX, for plaintiffs.

### MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION TO TRANSFER VENUE

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant United States of America's ("Defendant") "Motion to Dismiss or to Transfer Venue," filed on March 24, 2008; Plaintiffs Richard Ciccotelli and Maureen Mason's ("Plaintiffs") "Objection to United States' Motion to Dismiss or Transfer Venue," filed on March 28, 2008; and Defendant's "Reply to Plaintiffs' Objection to the United States' Motion to Dismiss or Transfer Venue," filed on March 31, 2008. After due consideration, the Court is of the opinion that the Motion should be granted and the cause transferred to the United States District Court for the Eastern District of Pennsylvania for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are residents of Radnor, Pennsylvania, located in the Eastern District of Pennsylvania. Compl. 1. They filed the instant lawsuit in the United States District Court for the Western District of Texas seeking a refund of taxes allegedly paid in excess to the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 7422.[1] *Id.* They assert jurisdiction pur-

---

1. Plaintiffs do not identify the statutory basis for their claim in their Complaint, but it is

clear that they seek a return of funds paid to the IRS. *See* Compl. 3 ("Plaintiffs respectful-

suant to 26 U.S.C. § 7402[2], and 28 U.S.C. §§ 1340[3] and 1346(a)(1)[4]. *Id.* Plaintiffs contend, and Defendant does not dispute, that the time for filing their claim expired after they filed the instant suit, and so while their claim is timely filed, they would be barred from refiling were the cause to be dismissed.[5] Resp. 3.

Defendant filed the instant Motion requesting the Court dismiss Plaintiffs' Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, alternatively, to transfer the case to the proper venue, which it contends is the United States District Court for the Eastern District of Pennsylvania. Mot. 1.

## II. VENUE

A defendant may file a motion to dismiss for improper venue on the ground that the plaintiff filed a lawsuit in a district that is improper under the applicable venue statutes. FED.R.CIV.P. 12(b)(3). If the district where the plaintiff filed suit is not the proper venue, the court may dismiss the case, or, if it is "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III. ANALYSIS

### A. Propriety of Venue in the Western District of Texas

■ The proper venue for a civil action brought by an individual for which the district court has jurisdiction under 28 U.S.C. § 1346(a)(1) is the judicial district where the plaintiff resides. 28 U.S.C. § 1402(a)(1).

Plaintiffs reside in Radnor, Pennsylvania, and concede that a suit against the Government for a tax refund must be "brought in the judicial district where the Plaintiff resides."[6] Resp. 10. The Court thus concludes venue is proper in the Eastern District of Pennsylvania.

### B. Waiver of Improper Venue

■ While not disputing that venue lies in the Eastern District of Pennsylvania,

---

ly request the defendant be directed to refund plaintiffs' overpayment."). They do not challenge the assertion made by Defendant in its Motion that their claim falls under 26 U.S.C. § 7422. The Court concludes that § 7422 sets forth the statutory basis for Plaintiffs' claim because it governs civil actions for refunds. *Caleshu v. United States*, 570 F.2d 711, 712 n. 4 (8th Cir.1978).

2. The district courts have jurisdiction to issue any orders "appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402.

3. "The district court shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C. § 1340.

4. "The district court shall have original jurisdiction ... of (1) any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...." 28 U.S.C. § 1346(a)(1).

5. A civil action for a tax refund must be filed no later than "2 years from the date of mailing ... by the Secretary [of the Treasury] to the taxpayer of a notice of the disallowance of the part of the claim to which the suit ... relates." 26 U.S.C. § 6532(a)(1). There is no evidence establishing when the IRS mailed Plaintiffs a notice of allowance. However, Defendant does not challenge Plaintiffs' assertion that their claims would be time-barred from refiling.

6. In their Complaint, Plaintiffs erroneously assert venue pursuant to 28 U.S.C. § 1396. Compl. ¶ 4. Section 1396 only applies when the IRS files a lawsuit to collect taxes. *See* 28 U.S.C. § 1396 ("Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed.").

Plaintiffs argue that Defendant "has waived its right to object to ... venue." Resp. 3. Defendant contends that "it has not waived, and it does not intend to waive, venue." Reply 1.

■ Venue may be waived if not timely raised. *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006). A defendant may waive improper venue by failing to raise the issue in a responsive pleading or a timely motion to dismiss. FED.R.CIV.P. 12(h)(1). A defendant may also waive improper venue by "tell[ing] the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this...." *Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt.,* 364 F.3d 884, 887–88 (7th Cir.2004); *see also A.S. Int'l Corp. v. Salem Carpet Mills, Inc.,* 441 F.Supp. 125, 127 (N.D.Ga.1977) (estopping the defendant from challenging venue "because transfer was made [to this district] at the express request of the defendant. Defendant had the case transferred [here] and stipulated [sic] the propriety of venue and jurisdiction in [this district].")

Plaintiffs do not challenge the timeliness of Defendant's Motion. They argue that Defendant should be estopped from challenging venue because

the IRS has a long history of administratively processing this case *in this district.* The claim for refund was filed in Pennsylvania, but the Defendant transferred it to the Houston appeals division. The objection to the Plaintiffs' lien was transferred to the Fort Worth office of the IRS. The suspending of all collection effects and preliminary analysis of the claim for refund was made by the Austin [IRS] district.

Resp. at 3–4 (emphasis in original).

The Court finds insufficient evidence to estop Defendant from challenging venue.

While Plaintiffs' administrative appeal may have been processed in Houston, which is in the Southern District of Texas, and other administrative actions occurred in Texas, there is no evidence that these actions constitute a stipulation to venue in the Western District of Texas. Moreover, Plaintiffs provide no authority suggesting that the processing of a refund claim in one district constitutes a stipulation of venue in that district. Accordingly, the Court is of the opinion that Defendant has not waived venue by estoppel or otherwise.

## IV. CONCLUSION

The Court concludes that venue is not proper in the Western District of Texas. However, rather than dismiss the case, the Court finds that it is in the interest of justice to transfer it to the United States District Court for the Eastern District of Pennsylvania. Plaintiffs timely filed their lawsuit in the United States District Court for the Western District of Texas, and it appears that they would be time-barred from refiling their claim if the Court ordered their claim be dismissed. *See Bertsch v. Gaylord Entertainment Co.,* No. SA–06–CV–313–XR, 2006 U.S. Dist. LEXIS 69411, *3 (W.D.Tex. Feb. 23, 2006) ("The Court finds it would be in the interest of justice to transfer the cause ... because Plaintiffs' claims would probably be time-barred by the ... statute of limitations."). Moreover, neither party is prejudiced by transferring the case to the United States District Court for the Eastern District of Pennsylvania. The case is still in its inception; Defendant has yet to file an answer, and the Court has neither been presented with nor ruled on any pretrial motions other than the instant Motion. Therefore, the Court is of the opinion that Defendant's Motion should be granted and the cause be transferred to

the United States District Court for the Eastern District of Pennsylvania

Accordingly, **IT IS ORDERED** that Defendant United States of America's "Motion to Dismiss or to Transfer Venue" (Docket No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania.

**IT IS FINALLY ORDERED** that the Clerk shall forward the record in this case to the United States District Court for the Eastern District of Pennsylvania.